Cory *vs.* The State of Georgia.

---

PHILIP D. CORY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The Freedman's Saving and Trust Company, incorporated by act of congress, and located in the city of Washington, is not a bank or corporate body *in this state,* within the meaning of section 4421 of the Code.

2. A person indicted as the cashier of the branch office of said company in Atlanta, Georgia, no law of the United States nor of this state having authorized the establishment of the branch in Georgia, cannot be convicted of the crime of embezzlement under said section 4421 of the Code.

3. Where the transcript of the record shows a second count for larceny after a trust, framed on section 4422 of the Code, but shows that count to be bad as it charges the offense to have been committed *with* the consent, when it should have been *without* the consent, of the owner; and where the mistake in the transcript, if there be a mistake, has not been properly corrected, this court cannot resort to the second count, thus apparently defective in the record here, to sustain the verdict and judgment below.

4. The proper time to correct a mistake in the transcript of the record is on or before the calling of the case on the docket, and the proper mode is by

Cory *vs.* The State of Georgia.

a suggestion of the mistake in writing, and verified by the oath of the party or his counsel.

Criminal law. Foreign corporations. Embezzlement. Larceny after trust. Indictment. Practice in the Supreme Court. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

Reported in the opinion.

B. F. ABBOTT; LOCHRANE & MILLEDGE, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted as cashier of the branch office of The Freedman's Saving and Trust Company, in Atlanta, Georgia, for the offense of embezzlement in secreting and stealing over $8,000 00 of money deposited in said branch office, and the indictment was framed on section 4421 of the Code. The question for our review is, whether the cashier of the branch office of said company in Atlanta is subject to the penalties and punishment prescribed in that section of the Code, and the answer to that question depends upon the answer to this: was that branch bank or branch office a corporate body *in this state* in the sense of the statute?

1, 2. The Freedman's Saving and Trust Company is a corporation chartered by congress, and located in the city of Washington. The charter gives it no power to establish a branch anywhere. No act of congress, outside of its charter, gives it such power, nor has the legislature of Georgia granted it the franchise to locate a branch for the transaction of its business within the limits of this state. Its existence as a corporation created by congress and located in the city of Washington, will be recognized by our courts; but its existence as a corporate body, located anywhere in Georgia, must depend upon the power granted in its charter by congress, or some

other constitutional act of congress, or some statute of Georgia. We have been cited to no such law, and we know of none. It is not the policy of the state to encourage the location in our midst of the branch offices of foreign corporations, and the criminal statutes should not be so enlarged by construction as to embrace such branches located here without authority of law. Section 4421 of the Code was designed to protect our own corporate bodies, chartered by our state, and doing business here under the authority of this state in the exercise of franchises granted by it, and to punish the officers of such corporations for embezzling the funds thereof. The section actually puts such corporations upon an equality with the public departments of the state government, and of the counties, towns and cities of the state, and imposes upon the officers of all alike the same punishment, thus throwing the ægis of its protection around all its corporations as around its counties, towns, cities, and the various departments of its own government. It reads thus: "Any officer, servant, or other person employed in any public department, station or office of government of this state, or in any county, town or city of this state, or in any bank or other corporate body in this state, or any president, director or stockholder of any bank, or other corporate body in this state, who shall embezzle," etc. Now can it be seriously contended that the legislature meant to include in this section a corporate body in this state, exercising franchises here without her authority, and without the sanction of any law, state or federal? Did she mean to protect the exercise of franchises within her limits, which no law-making power recognized by her ever granted, and to place such franchises thus illegally exercised upon an equality with those granted by herself, and upon an equality, too, with her own departments of state government? We cannot think so ; and if she did not so mean in the section of the Code quoted, and on which the indictment is framed, the defendant was certainly convicted on this count without authority of law. It is vain to argue that the change of the word "*of* this state" when applied to the departments of government and to the

Cory *vs.* The State of Georgia.

counties, towns and cities in the section to the word " *in* this state" when applied to the corporate bodies, has any significance.   Wherever the banks are elsewhere referred to in this division of the Code they are described as banks *in* this state, and in such connection as to make it unmistakable that the legislature meant banks chartered by this state : See Code, sections 4426, 4427.   It is a fundamental principle of the common law that penal statutes should be construed strictly. It is scarcely necessary to invoke this rule of construction here.   It would require an extremely liberal construction to bring the officer of a corporate body illegally located in the state within the purview of this statute.

3, 4.   But there is a second count in this indictment, and the punishment under the second is the same as under the first count; it is therefore said that the verdict of guilty, being general, may be predicated upon either count.   That may be so, and as we recognize the Freedman's Saving and Trust Company as an artificial person living in the city of Washington, and some of whose property may have got into Georgia and somebody entrusted with it here may have stolen it, and as this second count is framed upon section 4422 of the Code, which punishes any bailee who thus steals after a trust, we do not see why this defendant could not be punished under the facts proven in this case under that section.   We regret, therefore, that on examining the transcript of the record, we find that this count, as it appears there, is bad, it being alleged that the fraudulent conversion of the money was made *with the consent of the owner.*   Of course no crime is charged in such a count and there can be no legal conviction upon it. It is said that the clerk, in copying the bill of indictment, made a mistake and wrote " *with* " when he should have written "*without* the consent of the owner."   This may or may not be true.   It has not been verified to us in the only way it can legally be done by the suggestion of a diminution of the record on or before the calling of the case : Code, section 4282, rule 9.   Our only course is to adhere to the law and to rule on principle.   It may sometimes work seeming injustice ;

a departure from it would open the flood-gates of speculation and unsettle the entire practice of the court. In this case any wrong done can be but temporary; the party can be tried again, and if found guilty on the second count properly framed, he can be punished according to law.

Let the judgment be reversed and a new trial granted.