The State *v.* Tumey.

---

No. 10,053.

## THE STATE *v.* TUMEY.

CRIMINAL LAW.—*Reserved Question of Law.—Appeal Sustained.—No Reversal of Judgment.—Costs.*—During the prosecution of a criminal cause, the prosecuting attorney may, by bill of exceptions, under section 1846, R. S. 1881, reserve any point of law for the decision of the Supreme Court. And, if the defendant be acquitted, the prosecuting attorney may, within one year, take the reserved case to the Supreme Court, upon appeal; there shall be no reversal of the judgment, on such appeal, but the opinion of the Supreme Court shall be the uniform rule of decision in inferior courts, and if the decision below is held to be erroneous, the appellee must pay the costs of appeal.

SAME.—*Foreign Insurance Company.—Certificate of Auditor of State.—Duty of Agent.*—Under section 3765, R. S. 1881, a foreign insurance company is not required to file, in the county clerk's office, a certificate of the auditor of State showing that it is authorized to do business in the county; but it is made the duty of any agent of any such company, who assumes to act as such agent in the transaction of insurance business in any county, to procure and file in the office of the clerk of the circuit court of the county a certificate from the auditor of State, showing that he is authorized to act as such agent in the transaction of insurance business, for such company, in such county.

SAME.—*Embezzlement by Agent.—Illegal Consideration or Premiums.—Defence.*—Where an agent of a foreign insurance company is prosecuted for the embezzlement of the moneys of the company received by him, in the course of his agency, as embezzlement is defined in section 1944, R. S. 1881, it is no defence that such agent had not complied with the requirements of section 3765, R. S. 1881, in regard to his agency, and had therefore received such moneys for the company, upon an illegal consideration and in the transaction of an unlawful business.

From the Huntington Circuit Court.

*C. W. Watkins*, Prosecuting Attorney, for the State.

HOWK, J.—In this case, an indictment was returned into the court below, on the 10th day of January, 1882, which charged in substance, that the appellee, on the 1st day of November, 1881, at Huntington county, Indiana, " did then and there unlawfully and feloniously, being then and there the agent of a certain association, called the Ohio Mutual Aid and Life Association, of Bellefontaine, Ohio, and having access to and control over and the possession of fifteen dollars, to the possession of which his employers, the said Ohio Mutual Aid and Life Association, were then and there entitled, and, while in and during such employment, did then and there take, purloin, secrete and appropriate to his own use, without then and there having the consent of his employers, the said association, the said sum of fifteen dollars, the same being money of the value of fifteen dollars, of the personal goods and chattels of the said Ohio Mutual Aid and Life Association, of the lawful current money of the United States of America, and said money being paid and delivered to the said Ami Tumey, by Jacob G. Hoffman, for said association, contrary to the form of the statute," etc.

Upon arraignment and plea of not guilty, the appellee was tried by a jury and acquitted of the offence charged against him in the indictment, and judgment was rendered accordingly.

The prosecuting attorney, on the trial of the cause, excepted to an opinion or ruling of the court, and has reserved the point of law for the decision of this court. The bill of exceptions shows, that after the State had introduced its evidence and rested, the appellee, to maintain his defence, under his plea of not guilty, offered as a witness Willis A. Jones, who testified to his name, and that he was the clerk of the Huntington Circuit Court; that the appellee then propounded to the witness the following question, to wit:

" You may state to the jury, whether or not the Ohio Mutual Aid and Life Association, of Bellefontaine, Ohio, filed.

in your office a certificate from the auditor of the State of Indiana, showing that they are authorized to do business in Huntington county?"

That to this question the State, by its prosecuting attorney, objected on the following grounds:

"1st. That the said association was not compelled to file such authority; and,

"2d. That, if said authority had not been filed by such company, it was a thing the defendant could not set up as a defence to an indictment for embezzlement of money that he had collected for such company."

And that such objection was by the court overruled, to which ruling the State, by its attorney, at the time excepted.

It is manifest that the appeal in this case was intended and attempted to be taken, under and pursuant to the provisions of section 271 of the criminal code of 1881, being section 1846 of R. S. 1881. This section reads as follows: "The prosecuting attorney may except to any opinion of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and proceedings as may be necessary for a fair statement of the question reserved. In case of the acquittal of the defendant, the prosecuting attorney may take the reserved case to the Supreme Court upon an appeal at any time within one year. The Supreme Court is not authorized to reverse the judgment upon such appeal, but only to pronounce an opinion upon the correctness of the decision of the court below. The opinion of the Supreme Court shall be binding upon the inferior courts and shall be a uniform rule of decision therein. When the decision of the court below is decided to be erroneous, the appellee must pay the costs of the appeal."

The bill of exceptions, in the case now before us, does not state so clearly as it ought to and might have done, so much of the record and proceedings as was necessary for a fair state-

ment of the question of law reserved for the decision of this court. No objection is made here, however, to the sufficiency of the bill of exceptions on this ground; and as we think we can gather from the contents of the bill the point of law intended to be reserved, we will pronounce our opinion upon the correctness of the decision of the court below upon that point of law. It may be premised that the question propounded to the witness Jones, and above quoted, was objectionable in form, if not in substance, in this, that it is apparently assumed therein that the Ohio Mutual Aid and Life Association, of Bellefontaine, Ohio, was a foreign insurance company. If the association were such a company, it was a fact which ought not to have been assumed, but it ought to have been shown by competent evidence. It may possibly have been inferred, from its name and location, that the association was a foreign life insurance company, but such inferences are not always reliable. Waiving this point, however, and assuming, as it seems to have been assumed below, that the association was a foreign insurance company, the question for decision is this: Did the trial court err in overruling the State's objections to the question quoted?

It seems to us, that the first objection of the State to the question propounded was well taken, and ought to have been sustained. The question seems to assume that it was the legal duty of the association to have filed in the office of the clerk of Huntington county a certificate from the auditor of this State, showing that it was authorized to do business in that county. The State's first objection to the question was, in effect, that the law did not require the association to file such a certificate in such clerk's office. The only law of this State, on the subject of the filing of such a certificate in the clerk's office, is the act of March 3d, 1877, to amend section 1 of the act of December 21st, 1865, regulating foreign insurance companies doing business in this State, etc., and adding supplemental sections thereto. There is no provision in this act which requires a foreign insurance company to file

in the county clerk's office a certificate from the auditor of State, showing that it is authorized to do business in the county; but the act does require, in clear and positive terms, that the person who assumes to act as the agent of such a company in the transaction of insurance business, in any county, shall procure and file in the office of the clerk of the circuit court of the county, a certificate from such auditor, showing that he, as such agent, is authorized to transact the business of insurance for such company, in such county. Clearly, therefore, as it seems to us, the court below erred in over-ruling the State's first objection to the question above quoted.

The question propounded to the witness, Jones, was evidently asked by the appellee, and allowed by the court, upon the theory that, if no such certificate from the auditor of State had been filed in the office of the clerk of the Huntington Circuit Court, either by the association or by the appellee, as its agent, then the money received by the appellee, as the agent of such association in Huntington county, was received upon an illegal consideration, and in the transaction of an unlawful business. The conclusion drawn from this theory was, that even if the appellee, as the agent of the association in Huntington county, had received moneys belonging to the association, it was received by him upon such illegal consideration, and in the transaction of such unlawful business; and that, therefore, the appellee could not be and was not guilty of the crime of embezzlement, in secreting, purloining or appropriating to his own use the said moneys so received by him, as such agent of such association. The theory of the question was, perhaps, right under the law; but the conclusion drawn from this theory was, we think, radically erroneous.

In civil actions, it seems to be settled law, in this State, that where money due to the principal, on an illegal transaction, has been paid to his agent for such principal, by the party from whom it is due, the principal may recover such money from such agent. "For," says Judge Story, in his treatise on Agency, sec. 347, "the contract of the agent to pay the

money to his principal is not immediately connected with the illegal transaction; but it grows out of the receipt of the money for the use of his principal." So, in Dunlap's Paley's Agency, 62, it is said: "If money have been actually paid to an agent for the use of his principal, the legality of the transaction, of which it is the fruit, does not affect the right of the principal to recover it out of the agent's hands." This doctrine has been repeatedly recognized by this court, and, accordingly, it has been held that, in such cases as the one at bar, the principal may recover of the agent the moneys received by the latter, for the use of the former, in the course of the agency. Thus, in *The United States Express Co.* v. *Lucas*, 36 Ind. 361, this court said: "The obligation of the agent to account for the money is separate and distinct from the contracts of the company with third persons, which were the subject-matters of the statute. To hold that the agent is not bound to account for the money received by him, is to sanction an act of the grossest dishonesty and bad faith on the part of the agent, without the accomplishment of any equivalent benefit to any one, or to the public. On account of some unintentional omission in an honest effort to comply with the law, for which the agent is probably as much in fault as the principal, the agent sets his principal at defiance, denies his right to the money, and not refunding it to the parties who paid it to him, is allowed to retain it himself."

Applying this doctrine to the question reserved in the case now before us, it is clear that, as between the Ohio Mutual Aid and Life Association and the appellee, as its agent, the money received by the latter, in the course of his agency, for the former, is the absolute property of such association. If the appellee, as charged in the indictment, unlawfully and feloniously took, purloined, secreted and appropriated to his own use the money so received by him, as such agent, in the course of his agency, belonging to his principal, he was guilty of the offence of embezzlement, as the same is defined in section 43 of the act of April 14th, 1881, concerning public of-

fences, being section 1944, R. S. 1881. In such a case, it seems to us that the fact, if it were the fact, that the appellee received such money, as such agent, for his principal, the association, upon an illegal consideration, and in the transaction of an unlawful business, did not constitute any valid or sufficient defence to him, the appellee, in this prosecution against him for his alleged embezzlement of such money.

We are of the opinion, therefore, that the court erred in overruling the second objection of the State to the question above quoted.

The appeal of the State, in this case, is sustained, at the appellee's costs.