No. 12,430.

## WOODWARD v. THE STATE.

CRIMINAL LAW.—*Embezzlement.—Indictment.—Lottery Ticket.—Basis of Prosecution.*—An indictment for embezzlement, charging that the defendant was the agent and employee of a certain person "for the purpose of collecting money on a certain lottery ticket," and then properly charging the embezzlement of such money, but not more particularly describing the lottery ticket, is sufficient on motions to quash and in arrest of judgment, as such ticket is not the basis of the prosecution.

SAME.—*Embezzling Money Collected on Lottery Ticket.—Defence.*—In such case, it is no defence to the charge of embezzlement that the money feloniously converted was collected on a lottery ticket issued in the transaction of an unlawful business.

SAME.—*Indictment.—Certainty.*—Under section 1755, R. S. 1881, the indictment is sufficient if the offence charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case.

From the Marion Criminal Court.

*J. L. Mitchell* and *N. C. Carter*, for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

HOWK, J.—The appellant, Woodward, was indicted, tried and convicted for the crime of embezzlement, as charged in the second count of the indictment against him. From the judgment of conviction he has appealed to this court, and the only errors assigned by him here are such as call in question the sufficiency of the facts stated in the second count of the indictment to constitute a public offence, before as well as after verdict. The evidence is not in the record.

In the second count of the indictment it is charged "that John T. Woodward, on the 17th day of November, A. D.

1884, at and in the county of Marion and State of Indiana, was then and there the agent and employee of Jeremiah Miller for the purpose of collecting money on a certain lottery ticket, then and there, and by virtue and on account of such agency and employment by the said Jeremiah Miller, for the purpose aforesaid, he, the said John T. Woodward, as such agent and employee, at and in the county and State aforesaid, did then and there receive and take into his possession divers moneys, bills, notes, United States treasury notes, national bank notes, gold and silver coins, nickel and copper coins, current money of the United States, amounting in all to twelve hundred dollars, and of the value of twelve hundred dollars; a more particular and accurate description of said moneys, bills, notes, United States treasury notes, national bank notes, gold and silver coins, nickel and copper coins is to the said jurors unknown, and can not be given for the reason that they are in the possession of some person or persons to said jurors unknown; said moneys, bills, notes, United States treasury notes, national bank notes, gold and silver coins, nickel and copper coins, then and there being the moneys, personal goods and chattels of Jeremiah Miller; and he, the said Woodward, on the day and year aforesaid, at and in the county and State aforesaid, did then and there unlawfully, feloniously, purposely, knowingly and fraudulently purloin, secrete, embezzle and appropriate to his own use all of said moneys, personal goods and chattels aforesaid, with intent then and there and thereby to defraud him, the said Miller, out of said moneys, personal goods and chattels, contrary to the form of the statute," etc.

It is manifest that it was the intention of the State, in and by this second count of the indictment against the appellant, John T. Woodward, to charge him with the commission of the crime of embezzlement, as the same is defined and its punishment prescribed in section 1944, R. S. 1881, in force since September 19th, 1881. In this section it is provided as follows:

Woodward *v.* The State.

"Every officer, agent, attorney, clerk, servant, or employee of any person or persons, or corporation or association, who, having access to, control, or possession of any money, article, or thing of value, to the possession of which his or her employer or employers is or are entitled, shall, while in such employment, take, purloin, secrete, or in any way whatever appropriate to his or her own use, or to the use of others, or knowingly permit any other person to take, purloin, secrete, or in any way appropriate to his or her own use, or to the use of others, any money, coin, bills, notes, credits, choses in action, or other property or article of value, belonging to or deposited with, or held by such person or persons, or corporation or association, in whose employment said officer, agent, attorney, clerk, servant, or employee may be, shall be deemed guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the State prison for not more than fourteen years nor less than two years, fined in any sum not more than one thousand dollars nor less than one dollar, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

In section 1759, R. S. 1881, of the criminal code, in force since September 19th, 1881, it is provided as follows: "The defendant may move to quash the indictment or information when it appears upon the face thereof, either — * * *

"*Second.* That the facts stated in the indictment or information do not constitute a public offence. * * *

"*Fourth.* That the indictment or information does not state the offence with sufficient certainty."

Upon these two statutory grounds of objection, the appellant's counsel earnestly insist that the criminal court erred in overruling both the motion to quash the second count of the indictment and the motion in arrest of judgment. The question for our decision is this: Does the second count of the indictment state sufficient facts, with sufficient certainty, to constitute a public offence? As bearing upon the question of

certainty, section 1756, R. S. 1881, of the criminal code, provides as follows: " No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment, or other proceeding be stayed, arrested, or in any manner affected, for any of the following defects: * * * *

"*Sixth.* For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged. * * *

"*Tenth.* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

As to the degree of certainty which is required in criminal pleading by our code, section 1755, R. S. 1881, provides as follows: " The indictment or information is sufficient, if it can be understood therefrom— * * *

"*Fifth.* That the offence charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case."

The chief objection urged by appellant's counsel, in argument, to the second count of the indictment in this case, upon the ground of its uncertainty, is, that it contains no certain or definite description of the lottery ticket mentioned therein. Of this objection, counsel say: " This count charges that the appellant was, at a certain time, the 'agent and employee of. Jeremiah Miller, for the purpose of collecting money on a certain lottery ticket.' What lottery ticket? No number was given, and no reason was assigned for not giving the number. Neither is it stated upon what lottery scheme the ticket was drawn, nor what lottery issued the ticket, whether the Louisiana, Louisville or Vincennes lottery. Nor does it state whether Miller was the owner or holder of the ticket, or to whom it belonged ; nor is there any reason given why these facts, as to the number of the ticket and the name of the lottery issuing it, are not set out in the indictment." Ap-

pellant's counsel then quote from Bicknell's Crim. Prac., p. 83, as follows: " The · indictment, or information, must be such that the defendant may know exactly what he is to answer, and that the record may show for what he has been put in jeopardy. The act, or instrument, or both, constituting the basis of a prosecution, should be described with certainty, or if not, the impossibility of so describing it, should be stated, as an excuse for the want of certainty." *Whitney* v. *State*, 10 Ind. 404.

It may be conceded that the. rules of criminal pleading and practice, in this State, are correctly stated by Judge Bicknell, in his excellent treatise on Criminal Practice; but those rules, we think, can have no possible application to the second count of the indictment, in the case at bar, in so far as the description of the lottery ticket therein mentioned is concerned. It can not be said, with the slightest degree of legal accuracy, that the criminal charge against the appellant, in such second count, is predicated upon the lottery ticket mentioned therein, or that such lottery ticket constitutes the basis of this prosecution. If the felonious act, charged against the appellant, had immediate connection with the lottery ticket, or if it were something unlawfully done by him of or concerning such ticket, then the rules of criminal pleading, invoked by appellant, would be applicable, and it might well be held that the ticket should be described with certainty.

In the case in hand, the reference to the lottery ticket in the second count of the indictment was manifestly made for the purpose of indicating how the appellant, as the agent and employee of Jeremiah Miller, had access to, control and possession of the money of Miller, which, it was charged, he had feloniously embezzled and appropriated to his own use. No criminal act was charged against the appellant, in the second count, in connection with the lottery ticket, and therefore it was not necessary, we think, that such ticket should be described with certainty. Besides, as we have seen, un-

der section 1755 of our criminal code, the indictment is sufficient if the offence charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case. In the case before us, it can not be doubted, as it seems to us, that the offence of embezzlement is stated in the second count of the indictment with such a degree of certainty that the court could, as it did, upon the conviction of the appellant, pronounce the right judgment.

It is further claimed by appellant's counsel that the second count of the indictment was bad, both on the motion to quash and the motion in arrest, because the moneys of Miller, which were the subject of the embezzlement charged, were shown to have been collected on a lottery ticket, and, as lotteries were prohibited by the laws of this State, were derived from an illegal source. This position can not be maintained, we think, under the decisions of this court. *United States Express Co.* v. *Lucas*, 36 Ind. 361; *Rothrock* v. *Perkinson*, 61 Ind. 39; *State* v. *Tumey*, 81 Ind. 559. In the case last cited, the opinion of the court concludes as follows: "In such a case, it seems to us that the fact, if it were the fact, that the appellee received such money, as such agent, for his principal, the association, upon an illegal consideration, and in the transaction of an unlawful business, did not constitute any valid or sufficient defence to him, the appellee, in this prosecution against him for his alleged embezzlement of such money."

We conclude, therefore, that the criminal court committed no error in this case, in overruling either appellant's motion to quash the second count of the indictment, or his motion in arrest of judgment.

The judgment is affirmed, with costs.

Filed Sept. 24, 1885.