[No. 2094.]

## ANTONIO ROSALES *v.* THE STATE.

SWINDLING—INDICTMENT.—See the opinion *in extenso* for an indictment *held* insufficient to support a conviction for swindling, because it is too uncertain to charge the intent to swindle the alleged injured person out of the value of an organ, if it was the purpose of the indictment to so charge; and because, if it was the purpose of the indictment to charge the intent to be to swindle her out of a chance in the raffle for the organ, it is an assignment upon a right which can not be enforced by law, and which therefore will not support an assignment for swindling. See the opinion on the whole question.

APPEAL from the District Court of Duval. Tried below before the Hon. J. C. Russell.

The opinion states the case. The penalty assessed against the appellant was a fine of one hundred dollars and confinement in the county jail for one month.

*L. P. Bryant* and *Showalter & Nicholson*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This conviction was had upon an indictment charging "that Antonio Rosales, on or about the thirty-first day of October, A. D. 1885, in Duval county, Texas,

of and concerning a certain raffle for a certain roller organ, did knowingly, falsely and fraudulently represent and state unto one Loretta A. de Zapata, who then and there owned and had paid for and purchased a certain chance in said raffle for said organ, that the price of the chances therein (to-wit, fifty cents) had been raised to one dollar, and that she, the said Zapata, would have to pay said raise of fifty cents or lose said chance; and that, by means of said false and fraudulent statement, did then and there obtain and acquire from said Loretta A. de Zapata a transfer of her right in and to her chance aforesaid in said raffle, and by means of said false and fraudulent statement did then and there induce said Loretta de Zapata to part with her right and title to the chance and number aforesaid; that said chance and number was then and there of the value of the price of said organ, to wit, the sum of twelve dollars in lawful money. That said Loretta de Zapata relied upon said representation and statement of said Rosales as true; that said representations and statements so made and above set forth were false; that said Rosales at the time and place thereof well knew that the same were false and untrue; that in truth and in fact the price aforesaid of said chances in said raffle for said organ had not been raised to one dollar; that in truth and in fact said Zapata did not have to pay a further fifty cents to avoid the loss of her said chance and number; that in truth and in fact said raffle had then and there already taken place, and that said chance of said Zapata had then and there won said organ, as he the said Rosales well knew; and that said statements were made with intent to defraud and deprive said Zapata of the value of the said property and appropriate the same to the use of him, the said Rosales; against the peace and dignity of the State."

A motion to quash upon the ground that the indictment charged no offense against the laws of the State was overruled. On this appeal the only question is the sufficiency of the indictment.

In the first place, the indictment charges that defendant, by means of the false pretenses, did acquire and obtain from the owner a transfer of her right in and to her chance in the raffle, and that by the same means he induced her to part with her right and title to her chance and number in the raffle, which was of the value of the price of the organ—twelve dollars. Then again, we find in the latter clause of the indictment the charge to be that said statements were made with intent to de-

fraud and deprive the owner of the value of said property (the organ) and appropriate the same to the use of him, the said Rosales. It is extremely uncertain whether the pleader intended to charge that Zapata was swindled out of her chance in the raffle or out of the value of the organ. If the charge is that she was swindled out of her chance in the raffle, then we are of opinion it is very questionable if such a charge would support the prosecution. Under the statute, swindling is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, etc. (Penal Code, Art. 790.) We take it, "a valuable right," as mentioned in the statute, is one which could be enforced at law. A chance in a raffle is not such a right; a raffle determined with dice, for a sum under five hundred dollars, if played in any place other than a private room or residence, is a violation of law and punishable as such. (Long v. The State, decided at the last Tyler term, ante, 194.) In this case the value of the organ raffled for is inferentially if not positively alleged to be twelve dollars. How the chances were to be determined, that is, whether by dice or otherwise, is not stated. The allegations are not sufficient to sustain a charge that defendant swindled Zapata out of the organ. If the raffle had already taken place, and it had been determined that her chance had won, then the organ was her property, and if by false representations appellant swindled her out of the property, he would be liable notwithstanding she might have acquired her title in a manner not sanctioned in law. It would be no valid defense to appellant that her title was obtained through unlawful means, if, indeed, he would be allowed in any manner to call in question the acquisition of her title. (Woodward v. The State, 103 Ind., 127, and authorities there cited; see 5 Am. Crim. Rep., Gibbons, 210; 7 Crim. Law Mag., 244.)

We are of opinion the indictment is too uncertain to support the conviction, and because it does not sufficiently charge any offense against the laws of this State the judgment will not only be reversed but the prosecution will be dismissed under the said indictment.

*Reversed and dismissed.*