\* STATE  *v.*  O'BRIEN.

(*Knoxville.*     November 10, 1894.)

1. EMBEZZLEMENT.  *Statute includes employe of foreign corporation.*

The statute declaring "any officer, agent, or clerk of any incor-
porated company" guilty of a felony "who embezzles or fraud-
ulently converts to his own use any money or property" of his
employer received by virtue of his employment, embraces the
employe of a foreign corporation.  (*Post, pp. 81–85.*)

Code construed: § 5475 (M. & V.); § 4708 (T. & S.).

Cases cited and distinguished: 22 N. Y., 245 ; 55 Ga., 236.

2. SAME.  *Defense.*

An employe of a foreign corporation cannot defend a charge of
embezzlement on the ground that the corporation had not com-
plied with the conditions of the statutes so as to have the right
to acquire, hold, collect, or pay out money in the State.  (*Post,
pp. 81–85.*)

Act construed: Acts 1891, Ch. 122.

3. ESTOPPEL.  *Applied in criminal cases.*

The rule of estoppel may be applied in criminal as well as in
civil cases.  (*Post, pp. 82–85.*)

Case cited: 24 Kan., 1.

---

FROM  HAMILTON.

---

Appeal from Circuit Court of Hamilton County.
JOHN A. MOON, J.

W. J. CLIFT, CLIFT & CANTRELL, and C. MARCH-
BANKS for O'Brien.

---

\* Reported in 26 L. R. A., page 252.—REPORTER.

State *v.* O'Brien.

Attorney-general PICKLE for State.

. W. D. BEARD, J. The defendant was indicted for embezzlement. He was the Supreme Treasurer of the Supreme Council of the Catholic Knights of America, a corporation, organized under the laws of Kentucky, but doing business in Tennessee. It is charged in the indictment, that, while acting in this official capacity, he collected in Hamilton County, in this State, the sum of $75,000 for his principal, and that he had "unlawfully, fraudulently, and feloniously, and with the intent to defraud and deprive the true owners thereof," appropriated and converted this sum to his own use.

After a number of continuances, the defendant presented a plea to this indictment, which is styled by him, and has the form of, a plea in abatement. In this plea the defendant says the indictment ought not to be maintained because the Supreme Council of the Catholic Knights of America was a foreign corporation, and that it had not, at any time, filed in the office of Secretary of the State of Tennessee a copy of its charter, and caused an abstract of the same to be recorded in the office of the Register of Hamilton County, as required by the Act of the Legislature passed March 21, 1891, and approved March 26, 1891, and that, having failed of compliance with the requirements of that Act, it was wrongfully carrying on business in this State, and could neither acquire, hold, collect, nor pay out moneys in this State, and, therefore, the defendant could not be

liable for embezzling or appropriating the funds of this corporation.

The Attorney-general moved the Court to strike out this plea, because, among other reasons, it presented no meritorious defense to the indictment. This motion was overruled by the trial Judge, and, the State declining to take issue on the plea, it was sustained, and the defendant was discharged.

From this judgment the State has appealed, and has assigned for error this action of the Court below.

The indictment in this case rests on § 5475 of the Code (M. & V.) of Tennessee. It is unnecessary for us to analyze this section. It is enough to say that its terms are broad enough to include the employes of a foreign corporation, and the facts alleged in the indictment, being proved, would warrant a conviction, unless it be that this plea in bar offers a sufficient defense. The question, then, presented here is, Is it a good plea? We have no hesitation in saying it is not. Conceding that this corporation, organized, as is averred in the indictment, for benevolent purposes, is within the Act of 1891 (and this we do not now determine), yet, if it should turn out in proof that the defendant, while acting as agent and employe of it, received money paid to him for his principal in the course of his employment, and then feloniously and fraudulently appropriated it to his own use, when indicted for the offense, he cannot be permitted to defend himself from the criminal consequence of such wrongdoing

6—10 P

upon the ground that his principal was carrying on its business in this State in violation of the terms of that Act. Upon the plainest principles, having assumed to receive this money for his non-resident principal, he is concluded, both civilly and criminally, by this assumption. Whatever others might say about the right of this foreign corporation to come into this State to carry on its business and acquire property interests without having first complied with the requirements of the Act of 1891, at any rate the defendant's mouth is closed when, as agent, he receives the money of and for this corporation, and feloniously appropriates it to his own use. The wrongful act of the principal cannot be invoked as a protection against the still more wrongful act of the guilty agent. To him, under such circumstances, the rule of estoppel applies. On this subject, the case of *State* v. *Spalding*, 24 Kansas, 1, is very instructive. In that case Spalding was city clerk, and the money which he was charged with embezzling came from license fees collected by him. Under the ordinances of the city, the license fee was payable to the city treasurer, who issued a receipt therefor, upon the production of which the sole duty of the city clerk was to make out and attest the license, which was then signed by the mayor. The duty of this clerk was purely clerical, and he had nothing to do with the money. The fact was, however, he collected from numerous licensees the money due on the delivery of their licenses. Having fraudu-

lently appropriated these moneys, and being indicted for embezzlement, he undertook to defend upon the ground that, as his receipt of these moneys was unauthorized and outside the line of his duty, they were not the moneys of the city, but of the various licensees, and that, therefore, the indictment for embezzlement of the city's funds could not be maintained. To this contention, however, the State replied: "A man may not say, 'I have the right to receive money,' and receive it, and then, when challenged for its receipt or embezzlement, avoid liability by saying, 'I had no right to receive it.' He has voluntarily assumed a position the responsibilities of which he cannot avoid. The defendant may not say he holds this money simply for the licensees, because he himself has issued the licenses, which he might rightfully issue only when the city had received the money; that by issuing he conclusively, so far as he was concerned, affirmed that the money he had received and was holding was city money. The law of estoppel binds him, whether it binds anyone else or not, and is equally potent in a criminal as well as a civil action."

The Courts adopted this view, and said, through Judge Brewer delivering the opinion: "We hold that when one assumes to act as agent for another, he may not, when challenged for these acts, deny his agency; that he is estopped, not merely as against his assumed principal, but also as against the State; that one who is agent enough to receive money is agent enough to be punished for embezzling it."

Mr. Wharton, in his work on Criminal Law (9th Ed.), Vol. 2, Sec. 1328, recognizes this rule of estoppel in its spirit, if not in form. He says, upon the authority of cited cases, "it is no defense that the principals have no right, as against third parties, to the money which the servant embezzles, or that their title was wrongful. If he fraudulently take it on their account, and then embezzle it, the offense is complete. Nor is it any defense that the money embezzled was the proceeds of the sale of liquor kept in violation of law."

Bishop, in his work on Criminal Law (3d Ed.), Sec. 367, distinctly suggests the rule of estoppel as one proper for adoption in criminal jurisprudence. He says: "In reason, whenever a man claims to be a servant while getting into his possession, by force of his claims, the property to be embezzled, he should be held to be such on his trial for the embezzlement. Why should not the rule of estoppel, known throughout the entire civil department of our jurisprudence, apply in the criminal?"

Without further discussion, we are content to adopt this rule of estoppel, so long recognized in the civil courts, as a proper one for enforcement in the criminal courts of this State, believing, as we do, that it rests on sound reason, and is supported by the weight of authority of eminent respectability.

It is proper to add that an examination of the two cases relied on by the defendant discloses nothing in conflict with the conclusion reached by us.

Neither of them involves the question of estoppel. In neither was it raised, nor could it have been. Both involve the construction of local statutes, and nothing more. In the first of these cases (*Coates* v. *People*, 22 N. Y., 245) the Court simply held that the statute under which the defendant was indicted was passed for the prevention of the embezzlement of the funds of private persons and corporations, and, therefore, would not sustain an indictment for the embezzlement, by an employe, of the funds of a public corporation. In the other of these cases (that of *Cary* v. *State*, 55 Ga., 236) the cashier of a branch office, located at Atlanta, of a foreign corporation — the Freedman's Saving and Trust Company—was indicted for embezzling funds of this corporation committed to his charge, and the Court held that the indictment could not be maintained, because the statute on which it rested was framed for the protection of banks chartered by the State, and that it did not include a foreign corporation exercising the franchise of banking in Georgia without the authority of the laws of that State.

As we have already said that § 5475 of the Code is broad enough in its terms to include an act of embezzlement by an agent of a foreign corporation, it is apparent that these cases do not militate against either the premise or the conclusion of this opinion.

The case is reversed, and remanded for further proceedings.