By the Court:
It is required by sections 148c and 14S>d of the Revised Statutes (the latter section being referred to in the record as section 3269-5) that every foreign corporation incorporated for the purpose of profit, before it proceeds to do any business in this state, shall make and file with the secretary of state a statement in such form as the secretary of state may prescribe, showing the number of shares of authorized capital stock of the company, the par value of each share and other facts affecting its organization and solvency and the proportion of its stock which is represented by property owned and used in Ohio. The sections clearly disclose the purpose of the general assembly that foreign corporations shall be put upon the same *496 footing with domestic corporations with respect to fiscal burdens, to the business which they may carry on in the state and to service of judicial process within the state. They do not disclose a purpose on the part of the general assembly to make booty of the property of a corporation which does not comply with the provisions of the act. Under the statute defining embezzlement (section 6842) the offense consists in converting to one’s own use ‘ ‘anything of value which comes into his possession by virtue of his employment as * * * agent * * * servant or empk^e.” The statutory definition of the offense regards the actual relation of the agent, servant or employe, and not the legality of the mode in' which it was created nor the extent of the authority conferred. And the rule that one who receives money or any other thing of value in the assumed exercise of authority as agent for another, is estopped thereafter to deny such authority, applies in criminal prosecutions as well as in civil actions. 2nd Bishop’s New Criminal Law, section 364. State v. Spaulding, 24 Kas., 1; State v. Tumey, 81 Ind., 559; State v. O'Brien, 94 Tenn., 79; People v. Hawkins, 106 Mich., 479.

Exceptions sustained.