## THE STATE, Appellant, v. ARTHUR H. BLAKEMORE.

### Division Two, March 15, 1910.

1. **INDICTMENT:** Embezzlement: Indefinite. The indictment for embezzlement set out in the statement, is not so vague, indefinite and uncertain that the defendant is unable to prepare his defense; on the contrary, it charges every essential element of the offense of embezzlement as defined by Sec. 1912, R. S. 1899.

2. ——: ——: From Whom Money Was Collected. It is not essential to a valid indictment charging that a clerk by virtue of his employment "did have, receive and take into his possession and under his control, certain money" of an insurance company, that it should also inform the defendant from whom the money was collected. It is sufficient if it charges the offense in the language of the statute. If it informs defendant that he is charged with being an agent and clerk of the insurance company, and as such he received and had in his possession certain moneys the property of the company, it gives him sufficient information to prepare his defense.

3. ——: ——: Character of Employer's Business. It is not necessary that the indictment allege the character of business in which defendant's employer was engaged. If defendant received the money as the clerk or agent of his employer, and embezzled or converted it to his own use, it is immaterial whether his employer was authorized to receive it or not.

4. ———: ———: ———: **Foreign Corporation.** Where the indictment charges that defendant embezzled money from a corporation organized under the laws of another State, it is not defective because it does not allege that such company was authorized by proper license to do business in this State; it is immaterial in such case, whether the corporation was legally or illegally doing business in this State. Nor is it necessary, where such corporation is an insurance company, to allege that the money embezzled by defendant was received by the company in the transaction of insurance business.

5. ———: ———: **Illegal Purpose.** One who, as an agent, clerk or employee receives money from another and embezzles and converts it to his own use, cannot set up as a defense against an indictment for embezzlement that his employer had illegally obtained the money.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. C. Allen,* Judge.

REVERSED AND REMANDED.

*Elliott W. Major,* Attorney-General, and *Jas. T. Blair,* Assistant Attorney-General, for the State.

(1) The indictment is, in both form and substance, practically identical with indictments heretofore approved by this court. State v. Wissing, 187 Mo. 99; State v. Shour, 196 Mo. 205; State v. Gebhardt, 219 Mo. 713; State v. Lipscomb, 160 Mo. 131; State v. Larew, 191 Mo. 194. (2) The allegation as to the money embezzled and its value, is sufficient. R. S. 1899, secs. 2531, 2535. (3) It was not necessary to state the character of the business in which the corporation, named in the indictment as the owner of the embezzled money, was engaged. State v. Lipscomb, 160 Mo. 138; R. S. 1899, secs. 1912, 8000; State v. Whitworth, 30 Wash. 48; Taylor v. Com., 119 Ky. 743. (4) The indictment follows the language of the statute. This is sufficient. State v. Mohr, 68 Mo. 304; State v. Lipscomb, 160 Mo. 138; State v. Larew, 191

Mo. 194; R. S. 1899, secs. 1912 and 8000. (5) Numerous objections to a similar indictment were answered in State v. Larew, 191 Mo. 194. (6) The averment as to defendant's agency is sufficiently definite. State v. Meyers, 68 Mo. 267. (7) One ground of the demurrer is that the "indictment does not allege that The Reserve Loan Life Insurance Company was, or is, authorized to do business in the State of Missouri." (Sec. 7883, R. S. 1899.) The company is alleged to be organized under the laws of Indiana. The identical question presented has undergone judicial investigation heretofore. State v. Reynolds, 65 N. J. L. 426. The statute requiring foreign corporations to take out license to do business in this State was not designed by "the General Assembly to make booty of the property of a corporation which does not comply with the provisions of the act." State v. Pohlmeyer, 59 Oh. St. 495; Com. v. Shober, 3 Pa. Super. Ct. 557; R. S. 1899, sec. 7883. (8) Both the agent who transacts business in this State for an unlicensed insurance company and such company maintaining agencies in the State, are liable to penalties under sections 8000 and 8002, R. S. 1899. (9) The statute specifically points out what constitutes one an agent of a company not authorized to do business in Missouri. R. S. 1899, sec. 8000. (10) But though the insurance company mentioned in the indictment be assumed to be without a license to do business in Missouri, and though it be assumed also that the particular money embezzled by defendant was obtained by him in the transaction for the company of business which the company was not authorized to transact in Missouri, and that the transaction itself was an offense, yet, under the decided cases, defendant could not escape on this ground. State v. Shadd, 80 Mo. 362; State v. Cunningham, 154 Mo. 176; Insurance Co. v. Railroad, 149 Mo. 178; Com. v. Shober, 3 Pa. Super. Ct. 557; State v. Pohlmeyer, 59 Oh. St. 496; State v. Silva, 130 Mo. 462; State v.

Hoshor, 26 Wash. 654; State v. Whitworth, 30 Wash. .49; State v. Spaulding, 24 Kan. 8.   (11) Unlicensed companies may lawfully transact certain business in Missouri.   R. S. 1899, sec. 7996; Insurance Co. v. Railroad, 149 Mo. 178.   It would not do to assume, on motion to quash, that the company was unlicensed, and that the money collected was the proceeds of unauthorized business, etc., even if those facts, if specifically set up, would invalidate the indictments.   No such facts are pleaded in the indictment in this case.

*Keith Ryan* and *Jesse A. Wolfort* for respondent.

(1) The Federal and State Constitutions provide, and it is the law of this State, that an indictment shall not be so indefinite and vague with regard to the particular offense charged as to deprive the accused of the opportunity to prepare a defense.   Federal Constitution, amendment 6; Missouri Constitution, art. 2, sec. 22; 1 Chitty, Crim. Law, p. 169; May's Crim. Law, chap. 2, 79, sec. 100; State v. Stowe, 132 Mo. 199; State v. Burke, 151 Mo. 136; State v. Meysenburg, 171 Mo. 1; United States v. Cruikshank, 92 U. S. 542; State v. Barbee, 136 Mo. 440; State v. Terry, 109 Mo. 601; State v. McGinnis, 126 Mo. 564.   (2) An indictment must describe the offense charged so clearly and particularly that the defendant may avail himself of it if he is again prosecuted for the same act or acts.   Federal Constitution, amendment 5; Missouri Constitution, art. 2, sec. 23; May's Crim. Law, chap. 2, sec. 100, p. 79; State v. Snyder, 98 Mo. 555.   (3) If facts were unknown to the grand jury, the indictment should have so stated.   State v. Stowe, 132 Mo. 199; State v. Burke, 151 Mo. 136; State v. Krueger, 134 Mo. 272; State v. Thompson, 137 Mo. 620.   (4) Where fraud is charged, the facts making up the fraud must be pleaded.   Hoester v. Sammelmann, 101 Mo. 619; Smith v. Sims, 77 Mo. 269; Nichols v. Stevens, 123 Mo. 96; Redpath v. Law-

rence, 42 Mo. App. 101. (5) A foreign corporation can have no legal existence beyond the bounds of the State or sovereignty by which it is created. Under the foregoing principle and the law of the State, a foreign corporation must comply with and observe the laws of this State before it may engage in business in this State. Cleaton v. Emery, 49 Mo. App. 345; Fay Fruit Co. v. McKinney, 103 Mo. App. 304; R. S. 1899, secs. 1024, 1025, 1026.

FOX, J.—On December 4, 1908, the grand jury in and for the city of St. Louis, returned into open court an indictment, of which the following, the caption being omitted, is a copy:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present: that Arthur H. Blakemore, on the fourth day of November, one thousand nine hundred and eight, at the city of St. Louis aforesaid, being then and there the agent, clerk, collector and servant of The Reserve Loan Life Insurance Company, a corporation duly organized and existing under the laws of the State of Indiana, the said Arthur H. Blakemore (not being then and there a person under the age of sixteen years), then and there by virtue of such employment and office of agent, clerk, collector and servant, as aforesaid, did have, receive and take into his possession and under his care and control, certain money, to the amount and value of thirty-five and fifty-five one hundredths dollars, the same being then and there lawful money of the United States, of the value of thirty-five and fifty-five one hundredths dollars, the money and personal property of the said The Reserve Loan Life Insurance Company, a corporation, as aforesaid, the employer of him the said Arthur H. Blakemore, and that the said Arthur H. Blakemore, the said money then and there unlawfully, feloniously, fraudu-

lently and intentionally did embezzle and convert to his own use without the assent of the said The Reserve Loan Life Insurance Company, a corporation, as aforesaid, the owner of said money, and with the unlawful, felonious and fraudulent intent then and there to deprive the owner, the said The Reserve Loan Life Insurance Company, a corporation, as aforesaid, of the use thereof, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.''

At the succeeding term, to which the cause had been continued, the defendant filed the following motion to quash:

"Comes now the defendant by his attorneys and moves the court to quash the indictment filed herein because:

"1.   The facts alleged therein constitute no offense.

"2.   The indictment does not allege in what business 'The Reserve Loan Life Insurance Company' was, or is, engaged in the State of Indiana, or any other state.

"3.   That said indictment does not allege that 'The Reserve Loan Life Insurance Company' was, or is, authorized to do business in the State of Missouri.

"4.   Said indictment is so indefinite and vague as to the alleged offense as to deprive the accused of the opportunity to prepare a defense.

"5. Said indictment violates the sixth amendment of the Federal Constitution, which provides: 'In all criminal prosecutions the accused shall enjoy the right to be informed of the nature and cause of the accusation.'

"6.   Said indictment violates section 22 of article 2 of the Constitution of the State of Missouri, which provides: 'In criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation.'

"7.  Said indictment is so indefinite and vague as to the particular offense therein charged that an acquittal thereunder would not bar another prosecution for the same alleged offense.

"8.  Said indictment violates article 5 of the Federal Constitution which provides: 'Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.'

"9.  Said indictment violates section 23 of article 2 of the Constitution of Missouri, which provides: 'That no person shall after being once acquitted by a jury be again, for the same offense, put in jeopardy of life or liberty.'

"10.  Said indictment does not allege or set out any specific or particular fraudulent act or acts, but contains broad and general allegations of fraud which are legal conclusions, and therefore insufficient and incompetent."

This motion was sustained, the indictment quashed and the defendant discharged.  Thereupon the State appealed to this court.

At the same term a bill of exceptions embodying the motion, the court's rule thereon and the State's exceptions to such ruling, was filed.

This sufficiently presents the record before us for consideration.

## OPINION.

### I.

The record now before us discloses that defendant, upon numerous grounds, challenged the sufficiency of the indictment in this cause.  It is earnestly insisted by learned counsel for respondent that this indictment is so vague, indefinite and uncertain that the defendant is unable to prepare his defense.

It is sufficient to say upon this proposition that we have carefully analyzed the indictment and we are

unable to give our assent to this insistence. This indictment is predicated upon the provisions of section 1912, Revised Statutes 1899. It charges, in proper form, every essential element of the offense of embezzlement as defined by that section. Indictments and information charging the offense of embezzlement under section 1912, Revised Statutes 1899, have frequently been in judgment before this court, and the indictment in the case at bar is substantially, both in form and substance, similar to indictments and informations charging this offense which have heretofore met the approval of this court. [State v. Wissing, 187 Mo. 96; State v. Shour, 196 Mo. 202; State v. Gebhardt, 219 Mo. 708; State v. Lipscomb, 160 Mo. 125; State v. Larew, 191 Mo. 192.]

It is urged in the argument of learned counsel for respondent that the indictment should inform the defendant, by appropriate allegations, from whom the money was collected. In other words, it is insisted that the indictment should detail the manner of procuring the money which is charged as belonging to the insurance company, and from whom it was received. This insistence is predicated upon the theory that under the provisions of the Constitution the defendant should be fully informed as to the nature and character of the charge which he is required to meet in the trial court. Upon that proposition it is sufficient to say that this indictment charges the offense in the language of the statute. It informs the defendant that he is charged with being the clerk or agent of the corporation, and that as such clerk and agent, he received and had in his possession certain moneys of the property of the insurance company. This, in our opinion, gave the defendant sufficient information as to this charge in order to enable him to prepare for his defense. Presumptively, he is aware of all the transactions in which he was concerned in the way of receiving money for this company, and the parties from whom

it was received. In order to make his defense, if he is an honest man and has not been guilty of embezzlement, the information sufficiently informs him of the nature and character of the offense charged to the end that he may prepare his defense along the lines of showing in the trial court that he has not converted to his own use or embezzled any of the moneys received by him in which the corporation had any interest. If it is essential in this case to charge, and allege the names of the numerous parties from whom the money was received, and that such money was embezzled or converted to the defendant's own use, then it would be equally essential in the case of the merchant who would send his clerk out to collect bills, and who would collect the same and convert to his own use moneys so received, to allege the names of all the parties from whom such clerk had received any money. This the law does not require, and by no means is it contemplated that such allegations under the provisions of section 1912, Revised Statutes 1899, should be made. All that is necessary is that the defendant be informed that he is charged with embezzling funds belonging to a certain individual or corporation or partnership or company. If the party charged with such embezzlement is not guilty, we are inclined to the opinion that it is not difficult to prepare a defense to show that he honestly accounted for all the moneys in his hands belonging to his employer.

## II.

It is next insisted that the indictment is indefinite and uncertain for the reason that it failed to allege the character of the business in which the corporation, named in the indictment as the owners of the embezzled money, was engaged, and being a corporation organized under the laws of the State of Indiana, it does not appear from the allegations of the indictment

that it is authorized to do business in the State of Missouri.

In State v. Lipscomb, 160 Mo. 125, it was contended that it was essential to aver in the indictment the nature and character of the business in which the parties charged to be the owners of the money embezzled were engaged. In that case the charge was embezzlement of money belonging to Brown & Son. It was held that it was not necessary for the indictment to set out the kind of business in which the copartnership of Brown & Son was engaged. The indictment alleges that Brown & Son were copartners, and as such the defendant was in their service as clerk, and received and embezzled certain money. The indictment in the case at bar was substantially the same as in the Lipscomb case, and in that case it was said by this court: "In charging the offense it follows substantially the language of the statute, by which the offense is created, and that is all that is necessary," citing in support of the ruling in that case, State v. Adams, 108 Mo. 208; State v. Mohr, 68 Mo. 303; State v. Coulter, 46 Mo. 565; State v. Johnson, 93 Mo. 317.

It will be observed in the Lipscomb case that it was a clerk charged with embezzlement of money he received for his firm; yet there was no pretense that it was essential, in order to sustain the indictment in that case, that there appear upon the face of the indictment by appropriate allegations and averments the names of the parties from whom he had received the money, or that it was necessary to detail in any manner as to how such money was received. It was also contended in the last case cited that the indictment should have alleged that defendant was authorized to receive the money which he was charged with embezzling. This court held that there was no merit in that contention for the reason that by the express language of the statute it is made a felony for any clerk to embezzle or convert to his

own use any money, or to take, make away with or secrete with intent to embezzle or convert to his own use without the assent of his master or employer, any money which shall come into his possession or under his care by virtue of his employment. This being the case, it was immaterial whether he was authorized to receive the money or not; if he received it as clerk for his employers, and embezzled or converted it to his own use, he was guilty of a criminal offense under the statute.

Upon the proposition that it was essential to allege that the insurance company was authorized by proper license to transact business in this State, it is sufficient to say that in our opinion it is immaterial whether it was legally or illegally doing business in this State; nor was it necessary to charge that the money received by the clerk and embezzled by him emanated from any business connected with the insurance company, that is, in the transaction of insurance business proper. But it may be conceded for the purposes of this case that the money received by the defendant, which he is charged with embezzling, was received in the transaction of insurance business for the company alleged in the indictment, yet this cannot avail defendant in this prosecution. In State v. Reynolds, 65 N. J. L. 1. c. 426, this proposition was in judgment before that court, and in treating of it the court very clearly and correctly declared the law. It was there said: "The fact that . . . foreign corporations are required to do certain things to be authorized to do business in this State (N. J.), and are liable to a penalty if they do not do so, is of no consequence as between the State and the defendant in an indictment. The crime is against the State, not the owner of the property."

Again, it may be said that while it does not appear upon the face of this indictment, nor was it necessary to make that allegation, that the insurance company mentioned in the indictment was authorized to do busi-

·ness in this State, but conceding that it was without authority to do business in this State, and that the money received by the defendant as clerk or agent for such company was illegally received, yet under the well settled rules of law as announced by this court, this would furnish him no ground for escape from the charge made against him.

In State v. Cunningham, 154 Mo. 161, the defendant was indicted for the embezzlement of money received by him belonging to one McLemore. The defendant was acting as the agent of McLemore, and his employer sent him two hundred and fifty dollars to deal in futures, which dealing was in violation of section 3931, Revised Statutes 1889. It was this money, the sum of two hundred and fifty dollars, that the defendant was charged with embezzling. That statute substantially provides that the sale of any of the properties mentioned therein, which include grain, either on margin or otherwise, without any intention on the part of the party of receiving and paying for the property so bought, or when the party buying any such property or offering to buy the same does not intend actually to receive the full amount of the same if purchased, is declared to be gambling and unlawful, and is thereby prohibited. It was expressly ruled by this court, speaking through Judge BURGESS that there was no question, from the evidence in the case, that the contract in question concerning the dealing in futures came within the inhibition of the statute and was a gambling contract. It was contended, on the ground that this was a gambling contract, that the defendant could not be convicted of embezzlement. However, it was expressly held that furnished no reason why the ·defendant was any the less guilty of embezzling McLemore's money. The general rule is that although money be placed in the hands of an agent for an unlawful purpose, if he intentionally misapplies it or con-

verts it to his own use, he is guilty of embezzlement. [10 Am. and Eng. Ency. Law (2 Ed.), p. 986.]

In State v. Shadd, 80 Mo. 358, the defendant auctioned off pools on a horse race about to be run and received the money of the purchasers, to whom he gave a receipt therefor, and it was expressly held in that case that he was the agent of the purchasers and if he converted the money to his own use with intent to deprive the owners of it, he was guilty of embezzlement, notwithstanding the money was placed in his hands for an immoral purpose.

To the same effect was Commonwealth v. Cooper, 130 Mass. 285. That was a prosecution for the embezzlement of two hundred dollars received by the defendant upon a check sent to him by one Wood, with directions to invest the same for him on margins in railway shares. One of the defenses in that case was that the contract was a gambling contract. In treating of that proposition the Massachusetts court said: "The defendant further contended that his contract with Wood 'was a gambling contract, and was illegal under the statute; and that, even if he had appropriated the margin, he could not be convicted of embezzlement.' There was no evidence that Wood contemplated, or authorized the defendant to enter into, any gambling or illegal contract. If he had, the check or money sent him would remain the subject of larceny or embezzlement; and if the defendant fraudulently appropriated it to his own use, it would be no defense to an indictment by the government for embezzlement to show that the property had been intrusted to him for an illegal purpose." The same rule is announced in State v. Tumey, 81 Ind. 559; McClain's Crim. Law, sec. 635; State v. O'Brien, 94 Tenn. 79; Woodward v. State, 103 Ind. 127; State v. Spaulding, 24 Kan. 1.

In the State of Ohio the Revised Statutes require foreign corporations to file a certified statement with the Secretary of State in order to authorize them to be

placed upon the same footing with domestic corporations; and in State v. Pohlmeyer, 59 Ohio St. 491, the defendant was indicted for embezzlement of money belonging to a foreign corporation that had not complied with the provisions of the statute with respect to filing the statement with the Secretary of State. Upon the trial the defendant interposed this failure of the foreign corporation to comply with the provisions of the statute as a defense to the charge of embezzlement. The Supreme Court of Ohio, in answer to such defense, held that it was not the purpose of the General Assembly by requiring the statement hereinabove indicated, to make booty of the property of corporations which did not comply with the provisions of the act. It was ruled that the statutory definition of the offense of embezzlement regards the actual relation of the agent, servant or employee, and not the legality of the mode in which it was created nor the extent of the authority conferred; and it was in that case held that one who receives money or any other thing of value in the assumed exercise of authority as agent for another, is estopped thereafter to deny such authority, and this rule applies in criminal as well as civil actions; citing in support of the rule, 2 Bishop's New Crim. Law, sec. 364; State v. Spaulding, 24 Kan. 1; State v. Tumey, 81 Ind. 559; State v. O'Brien, 94 Tenn. 79; People v. Hawkins, 106 Mich. 479.

In Commonwealth v. Shober, 3 Pa. Super. Ct. Rep. 554, it was held that if money has actually been paid to an agent, for the use of his principal, the legality of the action of which it was the fruit does not affect the right of the principal to recover it, nor the criminal liability of an agent for embezzlement as consignee. An agent cannot be heard to deny the title of his principal. It was also ruled in that case that in order to convict the defendant of embezzlement it was not essential for the Commonwealth to prove that the foreign

corporation had complied with the law in order to authorize it to do business in the State.

## III.

We have given careful consideration to the insistence of counsel for respondent that this indictment is violative of the provisions of the State as well as the Federal Constitutions, and we are unable, after a very careful consideration of the subject, to reach a conclusion that this indictment is in any way violative of the provisions of either the State or Federal Constitution. Section 1912 simply defines in plain language the offense of embezzlement. This indictment alleges the essential elements of that offense, and, as before stated, is in harmony with the uniform and unbroken line of decisions in this State. [State v. Larew, 191 Mo. l. c. 199, 200.]

We see no necessity for pursuing this subject further. Our views are fully indicated, which results in the conclusion that the trial court committed error in sustaining the motion to quash the indictment. The judgment of the trial court should be reversed and the cause remanded, and it is so ordered. All concur.