EL PUEBLO, APELADO, *v.* MEDINA, APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 603.—Resuelto en junio 11, 1913.

LOTERÍA—DERECHOS Y RESPONSABILIDADES DE LAS PARTES EN CONTRATOS SOBRE LOTERÍAS — CASOS CIVILES — CAUSAS CRIMINALES. — El juego de lotería está prohibido en Puerto Rico y es una regla bien establecida que en las transacciones verificadas con motivo de tal juego, las cortes dejarán a las partes en la misma situación en que se encuentren y no les prestarán su ayuda para obtener su cumplimiento o rescisión, pero, cuando se trata de causas criminales que se originen con motivo de tales transacciones, la regla es distinta ya que entonces el poder de la justicia no se empleará en ayudar a un individuo a conseguir el fruto de un acto ilícito, sino en perseguir a un delincuente.

ABUSO DE CONFIANZA.—El hecho de apropiarse una persona, ilegal, voluntaria y maliciosamente, del importe del premio de un billete de lotería que otra persona le había confiado para que se lo guardara, es constitutivo de un delito de abuso de confianza.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El apelante no compareció.

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de noviembre 18, 1912, dictada por la Corte de Distrito de San Juan, Sección 2ª., condenando a Felipe o Félix Medina, el apelante, como autor de un delito de abuso de confianza, a sufrir la pena de un año de presidio ·con trabajos forzados.

La acusación, en lo pertinente, dice así: "El citado Felipe o Félix Medina, allá en uno de los días del mes de noviembre de 1911, en la jurisdicción de San Juan, que forma parte del Distrito Judicial de San Juan, ilegal, voluntaria y maliciosamente, habiendo recibido de Inocencio Hernández un décimo de la lotería de Santo Domingo, marcado el número 9562 para que se lo guardara y devolviera cuando se lo pidiera, al saber que dicho décimo había salido premiado con el premio mayor de la lotería de Santo Domingo, se apropió de dicho décimo cobrándolo y apropiándose su importe, privando así a Inocencio Hernández de la suma de $1,000 que era su valor."

No se ha incluído en la transcripción la prueba practicada y la única cuestión a considerar es si los hechos imputados al acusado en la acusación son o nó constitutivos de delito público. El apelante no compareció a la vista· del recurso celebrada el día 4 de junio actual, pero aparece que sostuvo en la corte inferior la no existencia del delito, basándose en el hecho de proceder de un premio de lotería el dinero que se decía apropiado y en el de ser la lotería un juego prohibido por la ley en Puerto Rico.

A nuestro juicio, carece de fundamento la teoría del acusado. ·

Es cierto que el juego de lotería refiriéndose al cual dice el Tribunal Supremo de los Estados Unidos en el caso de *Phalen* v. *Virginia,* 8 How., 163, 168, que "la experiencia demuestra que las formas comunes del juego son comparativamente innocuas si se las compara con la plaga de la lotería, ya que las primeras están circunscritas a pocos lugares y personas, mientras que la última infesta la comunidad entera, penetra en cada hogar, llega a cualquier clase, se lleva las ganancias del pobre tan duramente obtenidas y saquea a las personas ignorantes y sencillas," está prohibido por la ley en Puerto Rico, y es cierto también que la ley no concede acción para reclamar lo que se gana en un juego de suerte, envite o azar (artículo 1700 del Código Civil), y que es una regla bien establecida que en transacciones con motivo de loterías, como generalmente en todos los contratos ilegales, las cortes dejarán a las partes en la misma situación en que se encuentren y no les prestarán su ayuda para obtener el cumplimiento o la rescisión del contrato (25 Cyc., 1655); pero es cierto también que aquí no se trata de un caso civil, sino de una causa criminal y que, siendo ello así, la regla que debe aplicarse es distinta, ya que el poder de la justicia no va a emplearse en ayudar a un individuo a conseguir el fruto de una transacción ilícita, sino en perseguir a un delincuente, autor de un acto claramente constitutivo de delito.

"Se alega además por el abogado del apelante, tanto en su moción para eliminar como en la que pidió el sobreseimiento provisional, que el segundo cargo que contiene la acusación es erróneo por haber quedado probado que los dineros de Miller, objeto del abuso de confianza imputado, se cobraron por virtud de un billete de lotería, y como las loterías estaban prohibidas por las leyes del estado, dichos dineros tenían una procedencia ilegal. *U. S. Express Co.* v. *Lucas,* 36 Ind., 361; *Rothrock* v. *Perkinson,* 61 Ind., 39; *State* v. *Tumey,* 81 Ind., 559. En el caso últimamente citado la opinión del tribunal termina como sigue: 'En tal caso nos parece que el hecho, si es que lo fué, de haber recibido dicho dinero el apelado como tal agente de su principal, así como la asociación fundada en una causa ilegal para realizar un negocio prohibido por la ley, no constituyó una defensa válida y sufi-

ciente para el apelado en el proceso que se le siguió por la supuesta malversación de dicho dinero.'" *Woodward* v. *State,* 103 Ind., 127; 2 Northeastern Reporter, 324.

"Una persona vende *pools* y se apodera del dinero que pertenece al comprador. El hecho de que el dinero se pusiere en manos del vendedor para el propósito de un juego, es inmaterial." *State* v. *Shadd,* 80 Mo., 358; 18 American Digest, Century Edition, 671.

Véase también el caso de *González* v. *Ortiz,* 17 D. P. R., 593.

Decidida la cuestión suscitada en el sentido que dejamos expuesto y habiendo examinado la transcripción y no apareciendo de ella que se haya cometido error fundamental alguno, el recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.