# SCHOOL DIRECTORS

*v.*

# JOHN PARKS.

1. SCHOOL LAW—*school director prohibited from contracting with district.* Both the letter and spirit of the law forbid that directors of schools shall in anywise, whether directly or indirectly, openly or covertly, become interested in demands or claims originating while they are directors, to be satisfied by payment from the funds of their district.

2. Where orders were drawn by two school directors in favor of the third, one for labor in repairing a school house, and the other for wood furnished the school, of which payment was made by the township treasurer, it was *held,* that if the services were performed and the wood furnished while the person receiving the orders was director, the school district was entitled to recover the money so paid, in an action against him, but if before he was elected, it was not.

3. BURDEN OF PROOF. Where a school director is shown engaged in a transaction which *prima facie* he is prohibited to engage in, as he is in taking orders to himself for wood furnished and labor performed, the burden is then on him to show that though the orders are then executed, they are not, as otherwise would be the presumption, a settlement of transactions just completed, but in settlement of transactions before he became a director.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

This was a suit brought by W. R. Schnyder and Caspar Krone, school directors of district number four, township three north, range one west of the third principal meridian, against John Parks, to recover back money alleged to have been improperly paid to the defendant out of the school fund. A trial resulting in favor of the defendant, the plaintiffs appealed.

Messrs. MURRAY & ANDREWS, for the appellant.

Mr. G. VAN HOOREBEKE, for the appellee.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

Whilst appellee was school director, his co-directors drew, in his favor, two orders on the township treasurer, both bearing date the 19th of February, 1874.—one for $12.50, with interest at the rate of ten per cent, specified in the order as being " for eight days extra labor done in repairing the school house," and the other for $18, with interest at the rate of six per cent, specified in the order as being " for six cords of wood furnished the school." Payment of the amounts was made by the township treasurer to appellee, on presentation of the orders for that purpose, out of funds belonging to the district; and this suit was instituted to recover the amounts thus paid. ·

The only point made by appellee against the right to recover, is, that the evidence fails to show that he was director when he performed the labor and furnished the wood, for the payment of which the orders were drawn.

It is unquestionably true, as he contends, that he is presumed to have acted in conformity with law, until the contrary is made to appear. But this may be by circumstantial as well as direct proof; and when he is shown engaged in a transaction, which, *prima facie*, he is prohibited to engage in, as he is in taking orders to himself for wood furnished and labor performed, the burden is then on him to show that, though the orders are then executed, they are not, as would otherwise be the presumption, in settlement of transactions just completed, but in settlement of transactions completed before he became a director.

The statute in force when these orders were executed, and now, absolutely prohibits a director from being interested in any contract made by the board of which he is a member. This embraces every contract, whether express or implied, by virtue of which money may be drawn from the treasurer; and it can not be evaded by appropriations or payments from the treasurer for labor performed, or materials furnished for the

benefit of the district, on the pretext they were performed or furnished without any contract, but being beneficial to and enjoyed by the district, should be paid for as a matter of justice. Both the letter and the spirit of the law forbid that directors shall, in anywise, whether directly or indirectly, openly or covertly, become interested in demands or claims, originating while they are directors, to be satisfied by payments from the funds of their districts; and this construction must be rigidly enforced by the courts, without regard to the moral or equitable considerations that may urge a different policy in particular cases.

If, on another trial, it shall appear that appellee was not, in fact, director when this labor was performed and wood was furnished, he will be entitled to a judgment; otherwise the money paid him on the orders was paid in violation of law, and the district is entitled to recover it from him.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*