CANFIELD MANUFACTURING CO. v. W. E. PADDOCK.

November Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 20, 1922.

*Sales on Commission by Use of Lottery—Dismissal of Action on Ground of Illegality of Contract—Money from Commission Sales Held by Consignee as Fiduciary.*

1. Though a contract to sell merchandise upon commission authorized defendant in effecting sales to use a punch board and offer prizes, all supplied by the owner, and sales made by defendant in such manner were illegal under G. L. 7079, prohibiting lotteries, recovery could be had from defendant in an action by the owner for sales made, less commission and damages for refusal to return the goods undisposed of, the suit not being on the illegal contract, but on an implied contract to deliver money had and received to such owner's use, and for damages for failing to return unused goods, hence it was error for court to dismiss action on the ground that contract sued upon was illegal.

2. Where goods were forwarded by the owner to be sold on commission, money received by the consignee from the sale of such goods, in excess of his commission, was held by him in a fiduciary capacity and belonged to consignor.

ACTION OF CONTRACT. Plea, the general issue. Trial by jury at the December Term, 1920, Bennington County, *Stanton, J.,* presiding. After plaintiff had rested its case and defendant

had put in his defense, the court of its own motion dismissed the action. The plaintiff excepted. The opinion states. the case. case. *Reversed and remanded.*

*Holden & Healy* for the plaintiff.

*O. R. Clayton* for the defendant.

MILES, J. This is an action in contract in the common counts. The trial was commenced before a jury and proceeded until the plaintiff had rested his case, and the defendant had put in evidence in his defense, when the court, on its own motion, dismissed the action without costs to either party, on the ground that the contract sued upon was illegal.

The case shows that the defendant on March 14, 1919, ordered from the plaintiff, a concern doing business in Chicago, Illinois, a bill of goods, which he denominated as "Assortment No. 49," consisting of five thousand collar buttons, cigar cutters, pocket knives, razors, a diamond ring, watches, pencils, fobs, meerschaum pipes, and a punch board. Upon receipt of the order, the plaintiff sent the same to the defendant under an agreement that the defendant was to sell the buttons upon a commission of 40% of the sum received, and as an inducement to the sale he was authorized to use the other articles delivered to him, with the buttons, in the following manner: The purchaser of each button was entitled to punch on the board sent with the other articles, and, if the purchaser was fortunate enough to get a certain number, he got one of those articles corresponding with the number punched on the board.

The defendant had the right at any time to return the buttons unsold, with the articles unused as inducements to the sale of the buttons, and the money received for the sale of the buttons, less the defendant's commission.

Sometime in October, 1919, the defendant returned to the plaintiff four thousand five hundred of the collar buttons received on his order of March 14, 1919, and with the buttons the defendant returned to the plaintiff a part of the articles sent to him on that order. The defendant had sold five hundred of the buttons, and on the trial claimed that he returned to the plaintiff all of the articles received by him from the plaintiff, except what had been disposed of in the sale of the buttons, by way of prizes

secured by the purchasers. The plaintiff claimed that the defendant had not returned all the articles not used as prizes. The defendant admitted that he had not paid the plaintiff the money received for the sale of the buttons less his commission, and that he was owing the plaintiff thirty dollars. Neither party claimed that the contract between the plaintiff and defendant was illegal, and the defendant stated to the court below, in the course of the trial, that he claimed that that contract was not illegal, but claimed he was not liable for any of the articles received with the buttons.

[1, 2]   Assuming that the sale of the buttons by the defendant induced by the chance of winning a prize, was illegal and falls within the provisions of section 7079 of the General Laws, and that no recovery of the price of the property sold could be had in a suit upon that contract, the result of this suit is unaffected thereby; for this suit is not upon that contract. This suit is upon an implied contract to deliver to the plaintiff money had and received by the defendant to the use of the plaintiff and for damages occasioned by the failure of defendant to return the articles not used in the sale of the buttons. The contract between the plaintiff and defendant was unconnected with the illegal sale, and it was neither fraudulent nor prohibited by the statute. The money was received by the defendant, not as his own, but as that of the plaintiff and he held it in a fiduciary capacity, and though it was received upon an illegal contract, it was the plaintiff's money which the defendant had no right to appropriate to his own use. When the money was paid for the buttons it passed beyond the control of the purchaser and beyond recovery by him in any suit at law or in equity. *Baldwin Bros.* v. *Potter,* 46 Vt. 402, is full authority for this holding. The court erred in dismissing the action. This disposes of the case, and we take no time considering matters discussed in the briefs not necessary to the disposition of the case.

*Judgment reversed and cause remanded.*