434    APPELLATE COURTS OF ILLINOIS.

School Dist. No. 39 v. Casey, 243 Ill. App. 434.

## School District No. 39, Fayette County, Illinois, Appellant, v. H. F. Casey, Appellee.

1. OFFICERS AND PUBLIC EMPLOYEES—*liability of school director withholding property of district.* Where a school director purchases materials for the school district and receives in connection therewith certain tickets which the merchant is distributing to each customer in proportion to the amount of his purchase, such tickets being for a drawing for a prize, and one of the tickets so received by the school director wins and he retains the prize, the school district may, by reason of the fact that the director, in making the purchase, was acting as its agent, and also by reason of the statutory prohibition against the director being interested in contracts of his board (Callaghan's Ill. St. Ann. ch. 122, ¶ 379), recover of the director the value of the prize.

2. AGENCY—*when agent cannot question principal's title.* An agent who has received money or property belonging to his principal will not be heard to say that the principal received it in an illegal transaction or as the fruits of an illegal contract.

Appeal by plaintiff from the County Court of Fayette county; the Hon. C. R. TORRENCE, Judge, presiding. Heard in this court at the October term, 1926. Reversed and judgment entered here. Opinion filed February 19, 1927.

ALBERT, WEBB & ALBERT, for appellant.

ARTHUR ROE, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This case was tried by the court, without a jury, upon a stipulation of facts. With a view to the stimulation of trade, the merchants of Ramsey, Illinois, purchased a Ford touring car and advertised that it would be given away to the one holding the lucky number. Each merchant was furnished with numbered tickets, one of which was delivered to each purchaser with every 50 cents worth of goods purchased.

Appellee was a school director of the appellant district and purchased $22 worth of materials for the district for the repair of its schoolhouse. With the materials so purchased 44 tickets were delivered to him and appellant paid the purchase price. At the drawing one of the 44 tickets so received by appellee bore the lucky number and the car was delivered to him. He insisted that it was his property and refused to deliver it upon demand made by appellant. It was stipulated that at the time of said demand the car was of the value of $235. The court found the issues in favor of appellee and rendered judgment accordingly.

It is evident that the materials and the 44 tickets were purchased for one undivided price and were paid for by appellant. *Davenport v. City of Ottawa,* 54 Kan. 711, 39 Pac. 708; *State v. Mumford,* 73 Mo. 647. It is a criminal offense for a director to be interested, directly or indirectly, in a contract made by the board of which he is a member. Callaghan's Ill. St. Ann. ch. 122, ¶ 379. If the money of the district is paid to a director under a contract in which he is interested he may be sued and compelled to refund the same. *School Directors v. Parks,* 85 Ill. 338.

In the purchase of the materials and the tickets appellee was the agent of appellant. It is an elementary rule in the law of agency that the agent shall not be heard to deny the title of his principal. If the agent has received money or property belonging to his principal, he will not be heard to say that the principal received the money in an illegal transaction, or that the contract of agency was illegal or that the principal engaged in business illegally. 21 R. C. L. 831. Where money or property has been actually paid or delivered to an agent for his principal, it is usually held that the latter may recover such money or property from the agent, although it was received by the agent as the fruits of an illegal contract or transaction. The

436     Appellate Courts of Illinois.

School Dist. No. 39 v. Casey, 243 Ill. App. 434.

fact that the contract or transaction between the principal and the third person, in pursuance of which the funds or property were delivered to the agent, was illegal and unenforceable does not affect the liability of the agent to account therefor to his principal. *Wilson v. Owen,* 30 Mich. 474; *Hertzler v. Geigley,* 196 Pa. St. 419, 46 Atl. 366; 2 C. J. 746.

While the law will not enforce an illegal contract, yet if a servant or agent of another has, in the prosecution of an illegal enterprise for his master, received money or other property belonging to his master, he is bound to turn it over to him, and cannot shield himself from liability therefor upon the ground of the illegality of the original transaction. Wood on Master and Servant, ¶ 302; *Kiewert v. Rindskopf,* 46 Wis. 481, 1 N. W. 163.

The courts appear to be agreed that the fact that the owner of money or property embezzled obtained it in an illegal transaction does not constitute a defense to an indictment against an agent who embezzles it from said owner. *State v. Blakemore,* 226 Mo. 560, 126 S. W. 429, 27 L. R. A. (N. S.) 415. The fact that the money embezzled was collected by an agent for his principal on a lottery ticket issued in the transaction of illegal business does not constitute a defense to an indictment against the agent. *Woodward v. State,* 103 Ind. 127, 2 N. E. 321.

If, under the stipulated facts, appellee might be found guilty of embezzlement, we cannot perceive any valid reason why he may not be held liable in an action of trover for the same conversion.

The purchaser of a lottery ticket became entitled to receive $2,000 and went to Chicago to get his money. He there met a Mr. Brady who told him that he was an agent of the company and that he had had his money but had spent it, and that he would pay him. Brady paid $500 and then refused to pay any more.

A judgment for $1,500 against Brady was sustained. *Brady v. Horvath,* 167 Ill. 610. The action was in assumpsit and the court said:

"We do not think that defendant can be permitted to set up in this suit the illegality of the consideration as between the company and plaintiff. In his hands it is money which he ought not, in equity and good conscience, to be permitted to retain, (*Barnes v. Johnson,* 84 Ill. 95,) and we see no reason why his promise to pay it over to plaintiff was not supported by a sufficient consideration."

In that case the plaintiff's money came to the hands of one who was not his agent, but there was an express promise to pay it to the plaintiff. In the case at bar appellee was a director of appellant and was prohibited by statute from being interested, directly or indirectly, in any contract made in its behalf. Appellee received the car by virtue of a ticket which was purchased and paid for by appellant. In equity and good conscience he is not entitled to retain it. While appellee made no promise to deliver the car to appellant, or to pay over the proceeds from the sale thereof, yet the law implies a promise that he would do so. *Canfield Mfg. Co. v. Paddock,* 96 Vt. 41, 116 Atl. 115; *Floyd v. Patterson,* 72 Tex. 202, 10 S. W. 526.

It is contrary to public policy and good morals to permit employees, agents or public servants to seize or retain the property of their principals, although it may be employed in an illegal business and under their control. No consideration of public policy can justify a lowering of the standard of moral honesty required of persons acting in such capacities. 2 C. J. 748. To permit appellee to retain the car or the proceeds thereof would be to judicially sanction his violation of an express statutory provision and the breach of his duty as an agent of appellant. This we are not disposed to do. The judgment is reversed

without remanding, and the clerk of this court will enter judgment here in favor of appellant and against appellee for $235, appellee to pay the costs in this court and the court below.

*Reversed and judgment entered here.*