C. J. Sprinkle, Appellant, v. The County of Cass, Appellee.

Gen. No. 8,279.

Opinion filed January 24, 1929. Rehearing denied April 4, 1929.

T. W. Hoopes and Oscar J. Putting, for appellant.

Myron Mills, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

This is an action in assumpsit to recover $153.35 for services and mileage brought by C. J. Sprinkle, appellant, against the county of Cass, appellee. The trial

was had before the court without a jury and the court rendered judgment in favor of appellee.

During the years 1925 and 1926 appellant was a member of the board of supervisors of Cass county and was chairman of the road and bridge committee. During these years there had been considerable road work being done in various places in the county and a number of men were employed on each job. The road and bridge committee and the county superintendent of highways recommended to the board that the road work be divided up into districts or routes and that some member of the road and bridge committee should have charge and supervision of the work on certain routes. This recommendation was adopted by the board of supervisors by resolution. Appellant was assigned supervision of Route 2 and the Menard county line road. He, at different times, inspected and supervised the construction work being done on these routes and now seeks compensation from the county therefor. Section 3 of Cahill's St. ch. 102, ¶ 3; Smith-Hurd Ill. Rev. Stat. provides, among other things, as follows:

"3. It shall not be lawful for any person, now or hereafter holding any office, either by election or appointment, under the Constitution of this State, to become in any manner interested, either directly or indirectly, in his own name or in the name of any other person or corporation, in any contract, or the performance of any work in the making or letting of which such officer may be called upon to act or vote."

Section 1 of the same act provides as follows:

"1. That it shall be and is hereby declared unlawful for any supervisor or county commissioner, during the term of office for which he is elected, to be appointed to, accept or hold any office, by appointment or election of the board of which he may be a member; and any and all appointments and elections by the board of su-

pervisors or county commissioners, whereby any mem-
.ber or members of said board, or either of them, may
be selected to fill any official position, shall be abso-
lutely null and void.''

Section 39 of Cahill's St. ch. 53, ¶ 53; Smith-Hurd
Ill. Rev. Stat. 1927 fixes the fees of supervisors as fol-
lows:

''39. Supervisors and assistant supervisors when at-
tending the sessions of the county board of supervisors
or engaged in the regular committee work of such
board shall receive for their services the sum of five
dollars ($5.00) per day and five cents per mile for
each mile necessarily traveled in going to or from the
county seat or place of committee meeting, payable out
of the county treasury.

''Supervisors and assistant supervisors shall receive
directly or indirectly, no other allowance or emolu-
ment.''

Penalties are provided in the above laws for viola-
tions of these provisions. The laws cited above clearly
indicate the public policy of this State. Counsel for
appellant seek to avoid their effect by claiming that
appellant, as a member of the road and bridge com-
mittee, was, in fact, attending a meeting of that com-
mittee when he was engaged in inspecting or super-
vising such road work and was entitled to a *per diem*
and mileage under the section last cited. We cannot
agree with this contention for to do so would be to
hold that the board of supervisors could employ them-
selves to do work for the county and draw compensa-
tion therefor which is expressly prohibited by law.
The words ''engaged in regular committee work''
mean such work as may come before a meeting of the
members of the whole committee and in our opinion
this construction is conclusively established by the pro-
vision for mileage for each mile necessarily traveled
in going to and from the place of committee meeting.

This clearly indicates that the fees and mileage allowed while engaged in committee work, mean such work as may come before the committee at a definite place of meeting. The principles of law announced in the cases of *County of Cass v. Kloker*, 239 Ill. App. 301, and *County of Cass v. Kuhlman*, 240 Ill. App. 68, are applicable to the facts in this case.

The judgment of the circuit court of Cass county is affirmed.

*Judgment affirmed.*