(No. 32339.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* JAMES J. ADDUCI, Defendant in Error.

*Opinion filed September 17, 1952.*

Ivan A. Elliott, Attorney General, and George P. Coutrakon, State's Attorney, both of Springfield, (Robert B. Oxtoby, of Springfield, and Harry L. Pate, of Tuscola, of counsel,) for the People.

A. M. Fitzgerald, of Springfield, for defendant in error.

Per Curiam: The People seek review of an order of the circuit court of Sangamon County sustaining a motion to quash an indictment, by writ of error as provided in

section 17 of division XIII of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 747,) and under section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1951, chap. 110, par. 199,) which permits a direct review in all cases in which the validity of a statute is involved.

The defendant in error, James J. Adduci, was indicted by the grand jury of Sangamon County, in an indictment returned in the circuit court thereof and which indictment contained four counts. Each count charged a violation of section 12 of "An Act to revise the law in relation to State contracts," approved June 22, 1915. (Ill. Rev. Stat. 1951, chap. 127, par. 75.) The first count charged in substance that the defendant in error was a duly elected, qualified and acting member of the House of Representatives of the General Assembly of the State of Illinois, and while so acting he did, on or about the sixth day of July, A.D. 1950, unlawfully and corruptly become interested in a certain contract, designated by the Superintendent of Printing of the State of Illinois as order No. 13047, dated July 6, 1950, for the printing and manufacture of envelopes by and between the State of Illinois and the Central Envelope and Lithograph Company, an Illinois corporation (and stating the kind and number of envelopes), for the sum of $8176, and that the defendant in error did corruptly and unlawfully receive from the said Central Envelope and Lithograph Company, for his interest, as aforesaid, in said contract, a large amount of money (a more particular description being unknown to the grand jurors), and that said unknown amount of money was paid to the defendant in error as a commission, contrary to the form of the statute in such case made and provided, etc. The second count was based on the same transaction but left out some of the details of the alleged contract. The third and fourth counts were based on an alleged contract between the State of Illinois and the same corporation, but dated October 21, 1949, and described as order No. 88293, and the wording

of these counts three and four followed generally the wording contained in counts one and two, respectively.

Originally, a motion to quash the indictment was filed which assigned fifteen grounds for the motion, and later, by amendment, two additional grounds were added. The eighth and ninth grounds were based on the charge that said section 12 was unconstitutional and void in that it is vague, indefinite and uncertain, and does not define and describe, so that the persons therein prohibited from participating in contracts of the State may know the meaning of the words "become, directly or indirectly, interested in any such contracts," and, further, because it cannot be determined with any reasonable degree of certainty what the legislature intended by this section. The other grounds in the motion to quash challenged the sufficiency of the counts for various reasons.

We will first consider the question as to the constitutionality of the above section 12. In doing this it is necessary that we keep in mind the fundamental rules of construction as laid down by this court from time to time. Among these are the following: A statute is presumed to be valid and all doubts or uncertainties arising either from the language of the constitution, or the act itself, must be resolved in favor of the validity of the act; and this court will assume to declare it void only in case of a clear conflict with the constitution. We have further held that it is the duty of this court to so construe acts of the legislature as to uphold their constitutionality and validity if it can reasonably be done, and, further, that if their construction is doubtful, the doubt will be resolved in favor of the validity of the law attacked. (*People* v. *Newcom,* 318 Ill. 188, and authorities there cited.) These rules of construction apply to penal as well as civil statutes. We have also held that where the intention of the legislature is clearly expressed by the language used, it is immaterial that the language is not strictly accurate. *People* v. *Lloyd,* 304 Ill. 23.

There can be no doubt that the legislature had the power under the constitution to pass the act in question. Section 15 of article IV of the constitution provides, among other things, "nor shall any member of the general assembly be interested, either directly or indirectly, in any contract with the state, or any county thereof, authorized by any law passed during the term for which he shall have been elected, or within one year after the expiration thereof." Again, section 25 of the same article provides as follows: "The general assembly shall provide, by law, that the fuel, stationery and printing paper furnished for the use of the state; the copying, printing, binding and distributing the laws and journals, and all other printing ordered by the general assembly, shall be let by contract * * * and no member thereof, or other officer of the state, shall be interested, directly or indirectly, in such contract." Under these sections of the constitution the power of the legislature to enact legislation to carry out the plain intent of the constitution cannot be disputed. It is also very clear from the language used in section 25 above that no member of the General Assembly or other State officer shall be interested, directly or indirectly, in any State contract for printing and stationery. It is significant that contracts for these particular supplies are specifically mentioned in the constitutional prohibition.

Clearly, the act of 1915 in question was passed for the very purpose of carrying out the above provision of the constitution, as it consists of seventy sections and all but a very few of them have to do with the State printing, stationery and binding. The act itself is entitled "An Act to revise the law in relation to State contracts" and, in construing section 12 thereof, it is necessary to consider the whole act, including its title. Said section 12 provides in full as follows: "No contract shall be let to any person holding any state office in this state or a seat in the General Assembly, or to any person employed in any of the offices

of the state government, or the wife of a state officer, member of the General Assembly, or employee as aforesaid, nor shall any state officer, member of the General Assembly, or wife of employee as aforesaid, become, directly or indirectly, interested in any such contract, under penalty of forfeiting such contract and being fined not exceeding one thousand dollars." (Ill. Rev. Stat. 1951, chap. 127, par. 75.) From this it becomes manifest that said section means State contracts and does not have anything to do with contracts to which the State is not a party. To give the section any other construction would be unreasonable and contrary to the above rules of construction. Nor can we agree with the contention that the language of said section, *viz.*, "nor shall any state officer, member of the General Assembly, or wife of employee as aforesaid, become, directly or indirectly, interested in any such contract," refers only to contracts between the State and any person holding any State office, etc., as provided in the first part of said section. It seems clear to us that these particular persons designated by the statute are prohibited from becoming interested in any State contract. Any other construction would be unnatural and not in accordance with the clear intent of the act as a whole, and it certainly would not be in accordance with the usual rules of statutory construction.

It is also contended that the words "become, directly or indirectly, interested in any such contract" are too vague and uncertain. In this connection it is to be noted that these very words are used in sections 15 and 25 of article IV of our State constitution. They were used in substantially the same form in the common law with reference to the duties of public officers and they have been used for many years in a great variety of public laws defining the duties and obligations of public officers. (See Jones Ill. Stat., chap. 126, sec. 221, as to State contracts generally; Jones Ill. Stat., chap. 21, sec. 1338, as to municipal officers; Ill. Rev. Stat. 1951, chap. 102, par. 3, public offi-

cers generally.) The interest against which the prohibition is leveled is such an interest as prevents or tends to prevent the public official from giving to the public that impartial and faithful service which he is in duty bound to render and which the public has every right to demand and receive. Not every interest is a bad or corrupt interest. The desire of every public official to serve the public faithfully necessarily requires him to take a keen interest in the affairs of his office and the prohibition is manifestly not leveled against this interest. Whether or not the interest in any given case comes within the prohibition of the statute may well become a question of construction for the court in view of all the facts and circumstances shown in the particular case. (*Taylor* v. *Comrs. of Highways of Town of Normal,* 88 Ill. 526; *School Directors* v. *Parks,* 85 Ill. 338.) In the present case it is alleged that there was a personal financial interest, and, certainly, such an interest would come within the prohibition of the law. In the case of *Lesieur* v. *Inhabitants of Rumford,* 113 Maine, 317, 93 Atl. 838, the court said the question really is whether the town officer by reason of his interest is placed "in a situation of temptation to serve his own personal interests to the prejudice of the interests of those for whom the law authorized and required him to act in the premises as an official." Nor is it necessary that the statute should enumerate the various kinds of interest which may come within its terms. (*People* v. *Bertsche,* 265 Ill. 272, 283.) The objectionable interest could consist of any one of numerous interests which would be inconsistent with and repugnant to the duty of the officer to render to the public faithful and impartial service.

For the foregoing reasons, it is our opinion that the objections to the constitutionality of said section 12 cannot be sustained.

As to the sufficiency of the indictment, it is claimed that the indictment is so vague and uncertain that it fails to advise the defendant of the charge made against him.

To this we cannot agree. The indictment not only is in the words of the statute, but it goes far beyond this by giving the date of the contract, the names of the parties to the contract, the subject matter of the contract and the kind of interest it is alleged the plaintiff in error had in the contract. It is difficult to see what more could be alleged without setting up the evidence. We think the counts of the indictment are sufficient under section 6 of division XI of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 716,) and the numerous decisions of this court. *People* v. *Lloyd,* 304 Ill. 23; *People* v. *Weil,* 244 Ill. 176; *Graham* v. *People,* 181 Ill. 477.

In the motion to quash the indictment, several grounds for so doing were based on certain alleged irregularities in convening the grand jury which returned the indictment in question. We have already disposed of virtually identical questions this day in *People* v. *Gibbs,* 413 Ill. 154, and, as these grounds have been waived by the defendant in error in his brief and argument, we will not further consider them.

In accordance with the foregoing views, the judgment of the trial court quashing the indictment herein. is hereby reversed and this cause is remanded for such further proceedings as may be taken in accordance with the views herein expressed.

*Reversed and remanded.*