**IPAVA FARMERS ELEVATOR COM-
PANY, Counter-Plaintiff-Appellee,**

v.

**HAWKEYE–SECURITY INSURANCE
COMPANY, Counter-Defendant-
Appellant.**

No. 11264.

United States Court of Appeals
Seventh Circuit.

May 27, 1955.

George B. Gillespie, Louis F. Gillespie,
Frederick H. Stone, Springfield, Ill., Gil-

# 834

lespie, Burke & Gillespie, Springfield, Ill., of counsel, for appellant.

Elmer Nafziger, W. Knowles Laird, Springfield, Ill., Frederick O. Mercer, Canton, Ill., Stevens, Herndon & Nafziger, Springfield, Ill., Chiperfield & Chiperfield, Canton, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This action was tried on a counter-claim, the amended complaint having been voluntarily dismissed. Ipava Farmers Elevator Company, the counter-plaintiff, hereinafter sometimes referred to as plaintiff, purchased a "fidelity bond" from Hawkeye-Security Insurance Company, the counter-defendant, hereinafter sometimes referred to as defendant. The bond provided that the defendant would indemnify the plaintiff against any loss caused by fraud or dishonest acts of any of plaintiff's employees. Nine months later plaintiff filed a "proof of loss" under the bond, stating that $8,291.45 had been lost at its Havana, Illinois, branch because of the dishonesty of one of its employees, Otis Fleming. After an investigation the defendant denied liability, and brought action for a declaratory judgment; the plaintiff thereupon filed the counter-claim upon which the case was tried. The jury returned a verdict in the sum of $7,291.45 upon which judgment was entered.

On appeal the defendant's only contention is that certain findings of fact necessary to the verdict were not supported by substantial evidence. These findings are: (1) that the money was taken by Otis Fleming, one of plaintiff's employees; (2) that plaintiff was not guilty of fraud by misrepresentation and concealment of facts as claimed by the defendant in its third and fourth defenses to the counterclaim; and (3) that plaintiff gave the insurance company notice of the loss of funds at Havana as soon as it was required by the bond.

As to the first point, the proof of loss claimed that the money was taken from the cash funds on hand at the Havana branch of the insured by Otis Fleming, the manager in charge of that branch. By the terms of the bond the insurance company was liable only if the loss was due to " * * * the fraud or dishonesty of any Employee * * *." It is true, as defendant claims, that no witness testified that Otis Fleming took the money. But it was apparent at the trial that all interested parties considered that Fleming was the employee responsible for the loss. Although evidence of Fleming's admission of his guilt was not admitted and no one expressly testified that he took the money, there were exhibits before the jury indicating the fact of his guilt.

In acknowledging the proof of loss the defendant insurance company spoke without reservation of "the default of duties occasioned by your employee Otis Fleming." Two months later defendant's attorneys wrote to plaintiff that the defendant had turned over to them "the file covering the claim arising out of the misappropriation of moneys by Otis Fleming"; that the defendant desired further investigation of the books and records of the insured by auditors of defendant's choice; and that: "We have, accordingly, employed Ralph Turnbull & Company, certified public accountants, of this city, to make an investigation and audit of your books and records for the purpose of determining *the exact amount of misappropriation made of your moneys by Otis Fleming* during the term of the bond * * *." (Our emphasis.) The defendant thus admitted in writing before trial that the money had been taken by Otis Fleming. These written admissions constitute sufficient evidence to support the verdict on this point. It is, therefore, unnecessary to consider whether or not defendant's alleged admissions in pleading special defenses would bind it.

The defendant's second contention, that plaintiff, by making material misrepresentations in the application for the bond, was guilty of fraud in inducing the issuance of the bond, was stricken

from the defendant's answer by the trial judge. Chapter 73, § 766, of the Illinois Revised Statutes 1953, provides that no misrepresentation made by the insured shall avoid the policy unless it is stated in the policy or contained in an application attached to the policy. The application in which the defendant claims the misrepresentations appear was not attached to the policy.

■■ The defendant claims that the indemnity bond is not an insurance contract and that, therefore, Chapter 73, by its own terms, does not apply to it. But the law is clearly to the contrary. Illinois follows the majority rule in holding that all such fidelity and indemnity bonds constitute insurance contracts within the meaning of the above statute. Town of City of Peoria v. Rauschkolb, 333 Ill.App. 411, 414, 78 N.E.2d 123, 124. See note, 63 A.L.R. 711, 728. The District Judge was therefore correct in dismissing counts three and four of defendant's answer.

Defendant's final argument is that the Ipava Farmers Elevator Company knew, or should have known, about the losses occurring at Havana long before it reported them. It is contended that the plaintiff is not entitled to be indemnified for the loss occurring after it should reasonably have notified defendant that something was wrong at Havana. This contention by defendant as to the law is supported by the following Illinois decisions: Estate of Rapp v. Phoenix Insurance Company, 113 Ill. 390, and Johnson Oil Refining Co. v. Smoot, 242 Ill.App. 438, 448.

■ The following instruction was given to the jury without objection:

"The burden of proof is upon the plaintiff to show by the greater weight or preponderance of the evidence that it did not have knowledge of any fraudulent or dishonest act on the part of any of its employees, prior to the time when notice was given to the Hawkeye Security Insurance Company, and if you find from the evidence that Ipava Farm-

ers Elevator Company knew, or by the exercise of reasonable care should have known, that its employee or employees had committed a fraudulent or dishonest act, prior to the time notice was given to the Hawkeye Security Insurance Company, the Plaintiff would not be entitled to recover."

This was a proper instruction, but from the jury's verdict for the plaintiff we must conclude that it found as a matter of fact that the plaintiff did not know, and should not reasonably have known, until it actually gave notice of that fact, that Fleming was misappropriating funds belonging to the plaintiff. This finding was supported by substantial evidence.

Barton Boyle, the independent accountant who audited the plaintiff's books twice each year, testified that he first learned of the shortage on May 31, 1952; that he did not discover any loss prior to that date. This was substantial evidence from which the jury could properly conclude that May 31, 1952, was the first date that the plaintiff knew, or should reasonably have known, of the loss at Havana.

It was evident from the testimony of Clinton O. Snedeker, the general manager of plaintiff, that, while he had never personally counted the cash at the Havana branch, he thought it was being checked by the independent auditor, Mr. Boyle, who audited the books there twice each year. Boyle was a certified public accountant who maintained offices at Monmouth and Macon, Illinois, in which offices he had five employees. Boyle had been auditing plaintiff's books semi-annually for about ten years. He regularly audited the books of nineteen other elevators. There was no contention that plaintiff was negligent in hiring Boyle for this work, and there was no evidence that there had been any action on Boyle's part to cause the plaintiff to lose confidence in him or in his work.

The judgment is

Affirmed.