IVAN ROBERTSON *et al.*, Plaintiffs-Appellees, *v.* LAWRENCE BINNO, Comm'r of Highways of the Town of Copley, *et al.*, Defendants-Appellants.

Third District   No. 77-219

Opinion filed January 4, 1978.

James T. Otis, Robert A. Creamer, and Winnifred F. Sullivan, all of Keck, Cushman, Mahin & Cate, of Chicago, and Thomas G. West, of West, Neagle & Williamson, of Galesburg, for appellants.

Burrell Barash, of Barash & Stoerzbach, of Galesburg, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Lawrence Binno, Commissioner of Highways, Town of Copley, Knox County, and ASARCO Incorporated, appeal from a judgment of the Circuit Court of Knox County, which declared invalid the temporary closing of a township road by defendant Binno, as highway commissioner of Copley Township, which was done on the petition of ASARCO, Incorporated. The determination of the trial court was primarily based upon the premise that there was no consideration of public interest and there was a conflict between Binno's duties as highway commissioner and his status as a tenant of ASARCO.

On appeal, defendants contend that (1) the trial court erred in finding that no public interest was served by the temporary closing and (2) the trial court erred in finding a conflict of interest between Binno's duties as highway commissioner and his status as tenant of ASARCO.

Plaintiffs are owners of real estate, taxpayers, citizens and residents of Copley Township, Knox County, Illinois, who brought the action on behalf of themselves and all other persons similarly situated. It appears that defendant Binno was, for 12 years (including the period with which this action is concerned) the highway commissioner of Copley Township. Defendant ASARCO, a New Jersey corporation qualified to do business in Illinois, is engaged, through its unincorporated division, Midland Coal Company, in the business of surface mining coal on land it owns in Knox County, including Copley Township. On June 30, 1976, after defendant Binno had resigned as highway commissioner of Copley Township, Chester Royer, acting highway commissioner, was substituted as defendant for Binno.

During the period concerned in the action which we have under consideration, defendant Binno farmed 512 acres of ASARCO's land under a year-to-year lease. The agreement between Binno and ASARCO was on a share-crop, fifty-fifty basis. It appears that defendant Binno's income as a tenant of ASARCO was his sole income outside of his salary as highway commissioner of Copley Township.

The record discloses that in early 1974, Walter Harris, land agent for ASARCO, approached defendant Binno to negotiate the temporary

closing of two sections of township road within defendant Binno's jurisdiction, totaling about 1 7/10 miles. ASARCO owned all the land adjacent to and under the two sections of road, subject only to the public easement for the township road. The temporary closings were requested to permit ASARCO to mine approximately 25,000 tons of coal it owned under the road. Draft papers, including a petition to close the road temporarily, etc., were prepared by attorneys for ASARCO and submitted to defendant Binno by Mr. Harris. During the negotiations and consideration of the petition by defendant Binno, changes were made at defendant Binno's request to increase the obligations by ASARCO and to improve other roads in the vicinity. On June 25, 1974, Mr. Harris delivered to defendant Binno the documents, including a petition to temporarily close the road, inducements, a draft order and acceptance of inducements, a permit to close the road, and a bond, necessary to close the road between sections 1 and 2 in Copley Township, and on June 25, 1974, defendant Binno signed the order and accepted the inducements. On August 20, 1974, Mr. Harris delivered a similar set of documents, to close the road between sections 11 and 12, and Binno on that same date signed that order. The inducements offered by ASARCO and accepted by defendant Binno included the improvement by ASARCO of certain township roads other than those being temporarily closed, specifications as to the quality of the road to be reconstructed by ASARCO after the temporary closing, and ASARCO's agreement to provide crushed rock to fill in any settling which might occur on the reconstructed roads within one year from the date of reconstruction.

On August 23, 1974, plaintiffs filed their complaint in the Circuit Court of Knox County, seeking declaratory and injunctive relief invalidating defendant Binno's order temporarily closing the township road. Following a bench trial, the trial court entered judgment in favor of plaintiffs, finding that no public interest was served by the temporary closings and that there was a conflict of interest between defendant Binno's duties as highway commissioner and his status as tenant of ASARCO. The trial court's order also found that portions of the road had already been mined by defendant ASARCO, and ordered that ASARCO proceed to reclaim and reconstruct the road, where coal had already been mined.

Defendants argue on appeal, basically, that the trial court erred in finding that defendant Binno's duties as highway commissioner conflicted with his status as ASARCO's tenant. Section 3 of "An Act to prevent fraudulent and corrupt practices in the making or accepting of official appointments and contracts by public officers" (Ill. Rev. Stat. 1975, ch. 102, par. 3) provides:

"No person holding any office, either by election or appointment

under the laws or constitution of this state, may be in any manner interested, either directly or indirectly, * * * in any contract or the performance of any work in the making or letting of which such officer may be called upon to act or vote. * * * Any contract made and procured in violation hereof is void."

In *People v. Adduci* (1952), 412 Ill. 621, 627, 108 N.E.2d 1, the court stated, with respect to a similar conflict of interest provision:

"The interest against which the prohibition is leveled is such an interest as prevents or tends to prevent the public official from giving to the public that impartial and faithful service which he is in duty bound to render and which the public has every right to demand and receive. Not every interest is a bad or corrupt interest. The desire of every public official to serve the public faithfully necessarily requires him to take a keen interest in the affairs of his office and the prohibition is manifestly not leveled against this interest. Whether or not the interest in any given case comes within the prohibition of the statute may well become a question of construction for the court in view of all the facts and circumstances shown in the particular case. [Citations.]"

The Illinois Supreme Court also recently stated as to this provision, in *Brown v. Kirk* (1976), 64 Ill. 2d 144, 151, 355 N.E.2d 12, 16:

"Like most other conflict of interest provisions, it is aimed not only at the actual bad faith abuse of power for an officer's own personal benefit, but is also designed to prevent the creation of relationships which carry in them the potential of such abuse, by removing the possibility of temptation."

Additionally, as stated by the Illinois Appellate Court for the Fifth District in *People v. Simpkins* (5th Dist. 1977), 45 Ill. App. 3d 202, 208, 359 N.E.2d 828, 832:

"The rule remains that 'the interest in a contract which disqualifies a public officer from executing such a contract in his official capacity * * * must be certain, definable, pecuniary, or proprietary.' (*Panozzo v. City of Rockford*, 306 Ill. App. 443, 456, 28 N.E.2d 748, 754 (2d Dist. 1940); L. Ancel, *Municipal Contracts*, 1961 U.Ill.L.F. at 370, 373.)"

In the instant case, it is undisputed that defendant Binno's sole income, other than his salary as township highway commissioner, came from his farming 512 acres of ASARCO land under a year-to-year lease, on a share-crop basis. Defendant Binno's financial interest in the lease of ASARCO's land constituted an indirect interest, in the granting of ASARCO's petition for a temporary closing, which could have impaired the impartial and faithful service which defendant was duty bound to give as a highway commissioner. There was evidence before the trial court indicating that

a tenancy of ASARCO land held by Chester Royer was terminated by ASARCO in 1973 because of Royer's testimony at a hearing with respect to reclamation problems in Knox County. It further appears of record that in September of 1973, ASARCO informed two members of the Reclamation Committee of the Knox County Board, who held tenancies in ASARCO land, that ASARCO felt that the officials' holding leases to ASARCO property constituted a conflict of interest, and that ASARCO later terminated those leases.

We conclude, therefore, that ASARCO's presentation of the petition for a temporary closing to defendant Binno, at a time when Binno was ASARCO's tenant on a year-to-year basis, created a situation which carried the potential for the abuse of defendant Binno's powers as highway commissioner, inasmuch as defendant Binno's denial of the petition could have impaired his tenancy by ASARCO and the resultant loss of income to the defendant Binno. We conclude that, on the record, the trial court properly held that defendant Binno's duties as highway commissioner and his status as an ASARCO tenant presented a conflict of interest within the meaning of section 3, referred to, and that Binno's grant of the petition for temporary closing was, therefore, void.

In view of our determination of the basic issue in the cause relating to the conflict of interest of Binno and the consequences thereof, we do not believe it is necessary or of value to further consider the public interest issue since the disposition of that issue is clearly characterized, and determined, by the conflict-of-interest issue.

For the reasons stated, the judgment of the Circuit Court of Knox County is, therefore, affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.